COMMONWEALTH *vs.* MICHAEL A. WALSH.

Plymouth. December 4, 1990. - April 2, 1991.

Present: LIACOS, C.J., WILKINS, ABRAMS, O'CONNOR, & GREANEY, JJ.

*Search and Seizure,* Warrant. *Constitutional Law,* Search and seizure.

A search warrant describing the place to be searched as "[a] two story
   wood framed dwelling house white in color with open front porch and
   black front door with the number 229 located to the left of the front
   door; red and black trim; red-painted foundation; black shutters had
   evergreen cut-outs in the top, which is occupied by and/or in the pos-
   session of Timothy A. Zentz DOB 4.17.58, 29 yrs. old," was not invalid
   for its failure to contain the address of the premises to be searched,
   where the warrant contained sufficient information to enable the officers
   to locate and identify the place to be searched with reasonable effort,
   and where there was no reasonable probability that a place other than
   the one intended to be searched under the warrant might be mistakenly
   searched; furthermore, in the circumstances, the search was not broader
   in scope than authorized by the warrant. [644-646]

INDICTMENTS found and returned in the Superior Court
Department on June 27, 1988.

A motion to suppress evidence was heard by *John M.
Xifaras,* J.

An application for an interlocutory appeal was granted by
*O'Connor,* J., in the Supreme Judicial Court for the county
of Suffolk, and the appeal was reported by him.

*Mary O'Sullivan Smith,* Assistant District Attorney, for
the Commonwealth.

*Robert M. Tutino,* Committee for Public Counsel Services,
for the defendant.

O'CONNOR, J. A grand jury indicted the defendant for
trafficking in cocaine and unlawful possession of marihuana
in violation of G. L. c. 94C, §§ 32E (*b*) and 34, respectively.
The defendant moved to suppress all items that had been

seized at 229 Crescent Street, East Bridgewater, pursuant to a search warrant, and that motion was allowed. The Commonwealth was granted leave by a single justice of this court to file an interlocutory appeal, and the appeal was referred to the full court. We now vacate the order allowing the defendant's motion to suppress.

The judge found the following facts. Joseph W. Markowicz, an East Bridgewater police officer, applied to the Brockton District Court for a warrant to search the home of Timothy Zentz, who lived at 229 Crescent Street, East Bridgewater, for cocaine and other evidence indicating trafficking in narcotics. The application did not contain the street address and town of the house to be searched, although an affidavit accompanying the application did give that information. On March 26, 1988, a clerk-magistrate issued a search warrant to Officer Markowicz. The warrant contained the following description of the house: "[a] two story wood framed dwelling house white in color with open front porch and black front door with the number 229 located to the left of the front door; red and black trim; red-painted foundation; black shutters had evergreen cut-outs in the top, which is occupied by and/or in the possession of Timothy A. Zentz, DOB 4.17.58, 29 yrs. old." The warrant did not contain the address of the premises to be searched. The warrant explicitly incorporated Markowicz's affidavit, but the affidavit was not physically attached to the warrant, and the officers who executed the warrant did not have the affidavit with them when they did so.

Markowicz did not participate in the execution of the search warrant. The warrant was executed by East Bridgewater police officer Charles F. Whiting accompanied by East Bridgewater police officers Elder, Cowan, and Reed, and Special Agent David Carnevale of the Federal Drug Enforcement Administration. Before the warrant was executed, Markowicz told the group that would search the Zentz house the specifics of the investigation, including the place to be searched. Carnevale had driven by the home twice in antici-

pation of the search and had pulled into a neighbor's driveway to observe the house.

Zentz, the target of the search, had lived at the Crescent Street address since October, 1982, and Officers Whiting and Elder knew who he was. The Zentz home appeared from the outside to be a Colonial-style two-story single family dwelling with front and rear doors. Since December, 1987, Zentz had rented an upstairs bedroom to the defendant. The defendant had access to, and the use of, the entire house except Zentz's bedroom. The entrance to the defendant's bedroom had a door with a lock on it, and only the defendant had a key to it. When the officers arrived at the house, Zentz responded to their knocks at the front door and admitted them to the house. The officers read both Zentz and the defendant their Miranda rights and showed them the warrant upon entering the house. The defendant believed that the officers possessed a valid search warrant. The defendant then led several officers up to his room and handed over a pouch containing nine packets of cocaine. The officers arrested the defendant, read him his Miranda rights again, and told him that he should hand over any additional drugs. The defendant then handed over an additional forty-seven packets of cocaine, and the officers searched the defendant's room.

The Fourth Amendment to the United States Constitution requires that "warrants shall . . . particularly describ[e] the place to be searched . . . ." Article 14 of the Declaration of Rights of the Massachusetts Constitution requires all warrants to be "accompanied with a special designation of the persons or objects of search, arrest, or seizure." In addition, G. L. c. 276, § 2 (1988 ed.), provides that "[s]earch warrants shall designate and describe the building, house, place, vessel or vehicle to be searched . . . ." In *Commonwealth* v. *Sheppard*, 394 Mass. 381, 389 (1985), we stated that "unlike [c. 276's] probable cause provisions, the particularity requirements of G. L. c. 276 essentially track the particularity requirements of art. 14 and the Fourth Amendment." We have never held that art. 14 requires greater particularity than the Fourth Amendment, and therefore we make no dis-

tinction between art. 14 and the Fourth Amendment in our analysis. See *Commonwealth* v. *Treadwell,* 402 Mass. 355, 359 n.6 (1988).

The relevant inquiry with respect to the adequacy of a search warrant's description of the premises to be searched is whether the description is sufficiently complete to allow the executing officer to locate and identify the place to be searched with reasonable effort, and whether there is any reasonable probability that a place other than the one intended to be searched under the warrant might be mistakenly searched. *Commonwealth* v. *Treadwell, supra* at 359. *Commonwealth* v. *Rugaber,* 369 Mass. 765, 768 (1976). The description in the warrant here, although not aided by the unattached affidavit, see *Commonwealth* v. *Taylor,* 383 Mass. 272, 276-277 (1981), satisfies that standard.

The only question in this case is whether the omission of the street address and town of the house to be searched was fatal to the warrant's validity. The detailed description of the premises, including the number 229 to the left of the door, and the identification of the possessor/occupant as Timothy A. Zentz, born on April 17, 1958, was enough to overcome the lack of an address. Even if the executing officers had not been briefed by Officer Markowicz as to the location of the house, and even if none of the officers had had previous familiarity with the house or with Zentz, the warrant contained sufficient information to enable the officers to locate and identify the place to be searched with reasonable effort. Furthermore, there was no reasonable probability that a place other than the one intended to be searched under the warrant might be mistakenly searched. Therefore, the description in the warrant of the place to be searched was sufficiently particular to satisfy constitutional and statutory requirements, and we need not consider the significance of the officers' prior knowledge. It is well established that, when a description in a warrant facially contains adequate particulars, but, in application to a particular situation, the description is ambiguous, the knowledge of the executing officers may be sufficient to overcome the ambiguity. See *Common-*

*wealth* v. *Treadwell, supra* at 359; *Commonwealth* v. *Rugaber, supra* at 768-769; *Commonwealth* v. *Demogenes,* 14 Mass. App. Ct. 577, 581-582 (1982). We need not, and do not, rely on that principle in this case, nor do we suggest whether it might be applicable. We are content that, here, the description in the warrant was sufficient without being augmented by the executing officers' knowledge. See *Carr* v. *State,* 529 So. 2d 805, 806 (Fla. Dist. Ct. App. 1988) ("[a] residence may be described with reference to its occupants . . .").

We turn briefly to a different argument made by the defendant. The defendant argues that, even if the search warrant was valid, the search purportedly conducted pursuant to the warrant went beyond the warrant's scope. The contention is that the warrant, even if valid, only authorized a search of "the dwelling house . . . occupied by and/or in the possession of Timothy A. Zentz," and therefore, when the officers learned that the defendant rented a "bedroom and storage room from Mr. Zentz, they should have obtained another search warrant in order to search [those areas]." The answer to the defendant's contention is that the warrant authorized a search of the house, not just so much of the house as was occupied by Zentz. The officers had a right to proceed in accordance with the warrant despite the information that came to them in the course of their doing so. In stating this, we point out that the defendant properly does not argue that the warrant was too broad because it directed the search of an entire multiple-occupancy dwelling when there was probable cause to search only one unit. See *Commonwealth* v. *Erickson,* 14 Mass. App. Ct. 501, 504 (1982); *United States* v. *Dorsey,* 591 F.2d 922, 931 (D.C. Cir. 1978). The defendant's argument is not that the warrant was too broad, but that the search was broader than authorized by the warrant. We reject that argument.

The order allowing the defendant's motion to suppress is vacated, and the case is remanded to the Superior Court for further proceedings.

*So ordered.*