STATE of Iowa, Appellee,

v.

Ricky B. RANDLE, Appellant.

No. 95–1058.

Supreme Court of Iowa.

Oct. 23, 1996.

Linda Del Gallo, State Appellate Defender, and Annette L. Hitchcock, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Robert P. Ewald, Assistant Attorney General, William E. Davis, County Attorney, and Hugh Pries, Assistant County Attorney, for appellee.

Considered by HARRIS, P.J., and CARTER, LAVORATO, SNELL, and TERNUS, JJ.

CARTER, Justice.

Defendant, Ricky B. Randle, who was convicted of possession of crack cocaine with intent to deliver and of failing to affix a drug tax stamp, appeals, asserting (1) various defects in the search warrant involved in this case, and (2) there was insufficient evidence to support a guilty verdict for possession with intent to deliver. After reviewing the record and considering the arguments presented, we affirm the convictions.

## I. Background.

On February 1, 1995, officers of the Davenport Police Department executed a search warrant at 1122 North Harrison Street, Apartment 4, an apartment rented to Melinda Craig, defendant's girlfriend, and located across the street from Davenport Central High School. Inside, they found defendant and two other men: Anthony Nunn and Charles Ellison. Nunn and Ellison each had possession of controlled substances, a pager, and several hundred dollars in cash. The police seized $395 from defendant but found no controlled substances on his person. Throughout the apartment, the police found a digital scale, a sixty-channel scanner, two pagers, a letter mailed to defendant at the address searched, several small plastic sandwich bags, and on a chair in the living room a plastic bag containing approximately five grams of crack cocaine.

Defendant was charged by trial information with violating (1) Iowa Code section 124.401(1) (1993) (possession with intent to distribute a Schedule II controlled substance), within 1000 feet of a public school in further violation of Iowa Code section 124.401A, and (2) Iowa Code chapter 453B (failure to affix a drug tax stamp). He filed a motion to suppress evidence seized in the search, alleging the warrant was invalid. The district court denied the motion.

At trial officer Doug Devine, who was involved in the search warrant execution, testified that defendant had been sitting in the chair where the crack was found. Paul Sikorski, another officer who participated in the search, testified that he did not see defendant sitting in that particular chair but that he observed him standing nearby. The jury heard evidence that approximately seven controlled buys had been made at the apartment in question, each buy yielding crack cocaine. The jury also heard evidence that the items seized from Melinda Craig's apartment were of a type associated with trafficking in controlled substances.

Anthony Nunn testified that the crack cocaine found in the chair belonged to Charles Ellison. According to Nunn, Ellison attempted to throw the crack out a window, but it landed in the chair. Nunn testified that he did not obtain the drugs in his possession from defendant. This witness also testified that he had never seen any drug dealing at Ms. Craig's apartment. Other facts will be discussed in connection with our consideration of the legal issues presented.

## II. Validity of the Search Warrant.

Defendant contends that the search warrant is defective for three reasons: first, it lacked specificity as to the premises to be searched; second, it was not supported by probable cause; and third, it lacked particularity as to the items and places to be searched. Because a constitutional challenge to the warrant's validity is presented, we review these issues de novo. *State v. Thomas*, 540 N.W.2d 658, 661 (Iowa 1995). Our review is limited to a consideration of only that information, reduced to writing, which was actually presented to the magistrate at the time application for the warrant was

made. *State v. Weir,* 414 N.W.2d 327, 329 (Iowa 1987).

■ **A.** *Whether the warrant sufficiently identified the premises to be searched.* The search warrant at issue describes the apartment to be searched as follows:

> 1122 N. Harrison St. Apt. # 4 which is a red brick building on the west side of Harrison St. The 3rd building north of 11th St. Apartment # 4 is an upstairs apartment.

Defendant urges that the warrant lacked particularity as required by the Iowa and federal constitutions because it does not identify the city in which the premises to be searched were located. He argues that because of that omission there was a reasonable probability that another place might be mistakenly searched. We disagree.

We have never addressed this precise issue. In deciding whether a search warrant that omits the city but includes a physical description of the premises to be searched, the street address, apartment number, county, and state is invalid, we turn first to our search warrant statute, which requires the applicant for a warrant to "describe the ... place ... to be searched ... with sufficient particularity to enable an independent reasonable person with reasonable effort to ascertain the ... place." Iowa Code § 808.3 (1993); *see* U.S. Const. amend. IV ("particularly describing the place to be searched"); Iowa Const. art. I, § 8 (same). The particularity requirement ensures that nothing is "left to the discretion of the official executing the warrant." *Thomas,* 540 N.W.2d at 662. We have stated that this does not mean "that a hypertechnical, perfectly accurate description must be provided." *Id.*

■ A warrant sufficiently describes the location to be searched "if the description is such that the officer with a search warrant can, with reasonable effort, ascertain and identify the place to be searched." *Steele v. United States,* 267 U.S. 498, 503, 45 S.Ct. 414, 416, 69 L.Ed. 757, 760 (1925); *accord State v. Moore,* 125 Iowa 749, 751, 101 N.W. 732, 733 (1904). Here the warrant is particular enough to satisfy statutory and constitutional standards. The warrant and application listed the street address, apartment number, county, and state. It noted that the building was a red brick apartment building. It noted that it was "the 3rd building north of 11th St." It noted that apartment 4 was an upstairs apartment. With reasonable effort, the officers executing the warrant could locate the premises described, even though the city in which it was located was omitted from the warrant and application. There is nothing to suggest that there was any other red brick building at 1122 N. Harrison St. anywhere else in Scott County, Iowa, or any other evidence that omission of Davenport from the description of the premises would cause confusion. Other courts considering search warrants that did not identify the city in which the premises to be searched were located have upheld the warrant's validity notwithstanding that omission. *People v. Leahy,* 173 Colo. 339, 484 P.2d 778, 781 (1970); *People v. Fragoso,* 68 Ill.App.3d 428, 25 Ill. Dec. 138, 142–43, 386 N.E.2d 409, 413–14 (1979); *State v. LeFort,* 248 Kan. 332, 806 P.2d 986, 990 (1991); *Commonwealth v. Walsh,* 409 Mass. 642, 568 N.E.2d 1136, 1138–39 (1991); *Nottingham v. State,* 505 P.2d 1345, 1347 (Okla.Crim.App.1973); *Bridges v. State,* 574 S.W.2d 560, 562 (Tex. Crim.App.1978). We reach a similar result in the present case.

■ **B.** *Whether the warrant was supported by probable cause.* Defendant argues that the warrant was not based on probable cause. He bases that contention on the fact that the warrant application was based almost entirely on information attributable to a confidential informant whom he urges was not shown to have been reliable. Because the confidential informant was not a citizen informant, the informant was not entitled to a presumption of reliability. *State v. Drake,* 224 N.W.2d 476, 478 (Iowa 1974). In addition, he argues that the search warrant application, by omitting the exact dates of the controlled buys, did not provide the issuing magistrate information essential to make a probable cause determination.

On January 29, 1995, officer Devine applied for the search warrant in issue. Devine stated that intelligence information indicated that defendant and others sold crack cocaine

from Craig's apartment and the alley behind the apartment complex. Several citizens had complained of crack sales at this location. Devine further swore that "a confidential informant working with the Vice and Narcotics Unit" had made several "controlled buys" of crack at the address, the most recent being within forty-eight hours of the search warrant application. The informant had provided reliable information at two or more times in the past, providing the basis of two or more search warrants, leading to two or more arrests. The informant had never provided false information.

Probable cause is established when "a person of reasonable prudence would believe a crime was committed on the premises to be searched or evidence of a crime could be located there." *Weir*, 414 N.W.2d at 330. The warrant applicant must show "a nexus between the criminal activity, the things to be seized and the place to be searched." *Thomas*, 540 N.W.2d at 663. Iowa follows the "totality of the circumstances" test established in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). *See State v. Luter*, 346 N.W.2d 802, 808 (Iowa), *cert. denied*, 469 U.S. 830, 105 S.Ct. 116, 83 L.Ed.2d 59 (1984). In *Gates* the United States Supreme Court wrote:

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

462 U.S. at 238, 103 S.Ct. at 2332, 76 L.Ed.2d at 548.

In this case the informant had firsthand knowledge of defendant's drug dealing. Officer Devine found the informant to be reliable because the informant had a "track record" of reliability and had never provided false information in the past. The controlled buys took place under circumstances in which the informant was searched by police both prior to and following the transactions. The magistrate noted these facts in compliance with the "specific reasons" requirement of Iowa

Code section 808.3 (1993). The facts thus noted were sufficient to establish the informant's reliability.

Defendant's alternative argument that the issuing magistrate lacked knowledge of the dates of the controlled buys is, in essence, a "staleness" argument. Allegations of criminal conduct may be so distant in time as to provide no probable cause for a warrant. *State v. Gillespie*, 503 N.W.2d 612, 616 (Iowa App.1993). Whether information is stale depends on the circumstances of each case. *Andresen v. Maryland*, 427 U.S. 463, 480, 96 S.Ct. 2737, 2748, 49 L.Ed.2d 627, 642 (1976); *State v. Hennon*, 314 N.W.2d 405, 406 (Iowa 1982). When there is an "isolated violation," "probable cause quickly dwindles with the passage of time." *State v. Post*, 286 N.W.2d 195, 201 (Iowa 1979) (quoting *Bastida v. Henderson*, 487 F.2d 860, 864 (5th Cir.1973)). There is no bright line rule for when evidence of criminal activity becomes stale. *DePugh v. Penning*, 888 F.Supp. 959, 986 (N.D.Iowa 1995). If there has been a significant passage of time between the alleged criminal conduct and the application for a warrant, the applicant must show that the offense is continuous in nature, "likely to remain in operation for a period of time." *Gillespie*, 503 N.W.2d at 616 (citing *Andresen*, 427 U.S. at 480, 96 S.Ct. at 2748, 49 L.Ed.2d at 642). The ongoing illegal activity must be "adequately portrayed to the magistrate." *State v. Birkestrand*, 239 N.W.2d 353, 359 (Iowa 1976).

Defendant failed to show that the passage of time between the last controlled buy and the application for a warrant was significant. Although both parties apparently focused on whether officer Devine demonstrated that the criminal activity was ongoing, that inquiry is only necessary if the evidence of criminal activity has become stale. The issuing magistrate had information that a controlled buy occurred on the premises to be searched within forty-eight hours prior to the warrant application. The magistrate could thus reasonably conclude that evidence of drug-dealing activities could be found at the apartment defendant shared with his girlfriend.

*C. Whether the warrant had an impermissibly broad scope.* Defendant contends that the warrant lacks the particularity required by our cases and Iowa Code chapter 808. He paraphrases the operative language of the warrant as follows, concerning the places to be searched:

> All vehicles located on the premises at the time the Search Warrant is approved and issued; All persons located inside the premises identified as the location to be searched; all persons located outside the buildings, but located in the curtilage of the premises to be searched; and any and all storage areas under the control or accessible to the occupants therein.

The following items, which defendant describes as "a generic laundry list," were among the things to be seized:

> Paraphernalia for packaging, manicuring, weighing and distributing Controlled Substances; United States Currency, precious metals, jewelry, and stocks and bonds; Correspondence, papers, and records.

With respect to the items thus described, officer Devine stated in the warrant application that, based on his training and experience, the items to be seized were closely associated with controlled substances traffic, and the places to be searched are common hiding places for the items to be seized.

■ Both the Iowa and United States Constitutions, as well as the Iowa Code, require that the warrant and affidavits particularly describe what is to be searched and what is to be seized. U.S. Const. amend. IV; Iowa Const. art. I, § 8; Iowa Code § 808.3 (1993). The resolution of this issue turns on the probable cause issue discussed above. Iowa cases require a "nexus between criminal activity, *the things to be seized and the place to be searched.*" *Weir,* 414 N.W.2d at 330 (emphasis added). The required nexus "can be found by considering the type of crime, the nature of the items involved, the extent of the defendant's opportunity for concealment, and the normal inferences as to where the defendant would be likely to conceal the items." *State v. Groff,* 323 N.W.2d 204, 212 (Iowa 1982).

■ If, based on the showing that has been made in the application, a warrant is overbroad in the sense that it permits places to be searched or items to be seized for which probable cause has not been shown, it is nevertheless valid as to all places and items described in the warrant for which probable cause has been shown. *United States v. Brown,* 984 F.2d 1074, 1077 (10th Cir.), *cert. denied,* 510 U.S. 873, 114 S.Ct. 204, 126 L.Ed.2d 161 (1993); *United States v. Blakeney,* 942 F.2d 1001, 1027 (6th Cir.), *cert. denied,* 502 U.S. 1008, 112 S.Ct. 646, 116 L.Ed.2d 663 (1991). Applying this rule to the present facts, we conclude that there was probable cause for the search that took place at Melinda Craig's apartment and the seizure of those items taken from that apartment and from the persons of those individuals who were present there.

### III. *Sufficiency of Evidence.*

■ Defendant contends that the evidence is insufficient to sustain a guilty verdict. On this issue, we review for the correction of errors at law. *State v. Simpson,* 528 N.W.2d 627, 630 (Iowa 1995); Iowa R.App.P. 4. The evidence is reviewed "in the light most favorable to the State, 'including all legitimate inferences and presumptions which may be fairly and reasonably deduced from the evidence in the record.'" *Simpson,* 528 N.W.2d at 632–33 (quoting *State v. Liggins,* 524 N.W.2d 181, 186 (Iowa 1994)). All evidence is considered, not just that which supports a guilty verdict. *State v. Blair,* 347 N.W.2d 416, 419 (Iowa 1984); *State v. Robinson,* 288 N.W.2d 337, 340 (Iowa 1980). The evidence must do more than raise "suspicion, speculation, or conjecture" regarding defendant's guilt. *State v. Barnes,* 204 N.W.2d 827, 829 (Iowa 1972). The verdict will be upheld if it is supported by substantial evidence. *Robinson,* 288 N.W.2d at 339.

■ Defendant argues that the State did not prove he had possession of the crack cocaine found in the chair. The jury received the following instruction on "possession":

The word "possession" includes actual as well as constructive possession, and also sole as well as joint possession.

A person who is in direct physical control of something on or around his person is in actual possession of it.

A person who is not in actual possession, but who has knowledge of the presence of something and has authority or right to maintain control of it either alone or together with someone else, is in constructive possession of it.

If one person alone has possession of something, possession is sole. If two or more persons share possession, possession is joint.

This instruction was in essence that which is contained in I Iowa Criminal Jury Instruction 200.47 (1989). We have previously discussed this instruction in *State v. Padavich,* 536 N.W.2d 743, 751 (Iowa 1995), and *Simpson,* 528 N.W.2d at 631. Viewing the evidence in the light most favorable to the State, the jury could have found that defendant had actual possession of the crack cocaine found in the chair based on its proximity to his person.

■■■ Defendant also argues that there was insufficient evidence to support a finding that he intended to distribute a controlled substance. The jury heard evidence of recent controlled buys of crack cocaine from someone on the premises where the defendant resided. It heard evidence that he had a substantial amount of currency on his person and that items associated with controlled substance sales were located in the apartment. We find that this evidence was sufficient to support a finding that the crack cocaine was possessed with intent to deliver it. *See State v. Adams,* 554 N.W.2d 686 (Iowa 1996) (intent to deliver may be inferred from circumstances consistent with a drug trafficking operation). We have considered all issues presented and conclude that the judgment of the district court should be affirmed as to both of defendant's convictions.

**AFFIRMED.**