STATE of Iowa, Appellee,

v.

Paul George POULIN, Jr., Appellant.

No. 99–1057.

Supreme Court of Iowa.

Dec. 20, 2000.

Linda Del Gallo, State Appellate Defender, Patricia Reynolds, Assistant State Appellate Defender, and James W. Canaday, Student Legal Intern, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, Michael L. Zenor, County Attorney, and Charles K. Borth and Michael J. Houchins, Assistant County Attorneys, for appellee.

CARTER, Justice.

Defendant, Paul Poulin, Jr., challenges his conviction for possession of a controlled substance without the requisite tax stamp. He contends that a search warrant based in part on items found in discarded trash was invalid because the application for the warrant was incomplete and misleading. From this premise, he urges that the fruits of the resulting search should have been suppressed. After reviewing the record and considering the arguments presented, we affirm the judgment of the district court.

In December 1997 an individual in the custody of the Clay County sheriff advised law enforcement officers of Clay County and the City of Spencer that defendant was selling marijuana in the Spencer area. At about this same time, persons living in the neighborhood where defendant resided told Spencer police and Clay County sheriff's deputies that they had observed unusually frequent visits to defendant's apartment by persons who would enter briefly and then leave. These persons would park at the end of the alley behind defendant's apartment, walk to his front door, and leave shortly thereafter. On some occasions, they would appear at the front door and then walk around the building to enter defendant's apartment through another entrance that was not located in plain view. The law enforcement officers who received this information were aware of the fact that defendant had been convicted of possession with intent to deliver marijuana.

One of defendant's neighbors told police that the suspicious visitors continued to appear at defendant's apartment in May of 1998. The neighbor copied down the license numbers of the visitors' automobiles and gave them to a deputy sheriff. In checking on these license numbers, the deputy learned that some of the persons to whom the vehicles were registered were known by him to be drug users. Prompted by the information thus obtained, Spencer police and Clay County sheriff's deputies collected trash from behind defendant's apartment on three occasions seeking evidence of controlled-substance transactions. The trash collected contained correspondence addressed to defendant and to defendant's girlfriend who lived with him in the apartment. It also contained plastic bags in which marijuana seeds and stems and a green leafy substance that smelled like marijuana were found. In addition, the officers found in the trash a ledger that contained dollar amounts, telephone numbers, and the names of certain persons known to the officers to be drug users.

The officers compiled this information in affidavit form and included it in a search warrant application, seeking access to defendant's apartment, which was described as the "downstairs apartment." The jailhouse informant and neighbors who had given information were shown in the warrant application as confidential informants. The jailhouse informant was certified to be reliable based on the officers' personal acquaintance with him and as a result of the corroborative information obtained from defendant's neighbors. The neighbors were certified to be reliable based on their

standing in the community. Based on the application submitted, a magistrate issued a warrant to search defendant's apartment. The resulting search produced evidence of the controlled substance on which defendant's tax stamp conviction was based.

## I. The Challenge to the Search Warrant Application.

██ Defendant contends that the search warrant on which the search of his apartment was based was invalid because the warrant application was inaccurate and misleading. He argues that the warrant application did not reveal that there were two dwelling units in this apartment building, and that the trash found in the alley by police was not exclusively that of the defendant. He further contends that the warrant application falsely described the alternative entrance to defendant's apartment as being concealed when it was not concealed.

██ In support of his argument, defendant urges that his trial counsel was ineffective for failing to challenge the warrant in accordance with the rules laid down in *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). *Franks* established that in some instances the determination of the validity of a search warrant with regard to the probable-cause showing need not be based exclusively on the material contained in the warrant application.[1] In considering this matter, the Court stated:

> [W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment

requires that a hearing be held at the defendant's request.

*Franks,* 438 U.S. at 155–56, 98 S.Ct. at 2676, 57 L.Ed.2d at 672. If that hearing firmly establishes the falsity of the challenged information, such information must be disregarded in a court's ultimate determination of probable cause. *Id.*

██ The *Franks* doctrine has been applied to situations involving the omission of crucial information from a warrant application as well as the inclusion of inaccurate information. *United States v. Jacobs,* 986 F.2d 1231, 1235 (8th Cir.1993); *United States v. Colkley,* 899 F.2d 297, 300 (4th Cir.1990). When such omissions are established, a court reviewing a magistrate's finding may determine the probable-cause issue by considering both the information contained in the warrant application and the omitted information deemed to be significant. *Id.* We believe that the district court resolved defendant's probable-cause challenge in this manner and did not base its suppression-hearing ruling solely on the information contained within the four corners of the warrant application.

At the suppression hearing, defendant's counsel presented deposition testimony of the officers, which clearly revealed the existence of the second apartment unit and the fact that the trash which had been scrutinized contained items that had been discarded by the occupants of both apartment units. Photographs of the area where the trash had been picked up were offered in evidence. The officers also testified that the reference to a concealed door in the warrant application was intended to describe a second door that was in an inconspicuous location with respect to those who might be viewing the apartment building. In deciding whether there was probable cause to issue the warrant, the

---

1. Ordinarily, the judicial determination of probable cause is limited to consideration of only that information, reduced to writing, which was actually presented to the magistrate at the time the application for warrant is

made. *State v. Gogg,* 561 N.W.2d 360, 363 (Iowa 1997); *State v. Randle,* 555 N.W.2d 666, 668–69 (Iowa 1996); *State v. Weir,* 414 N.W.2d 327, 329 (Iowa 1987).

district court stated that the ruling was based on consideration of (1) the original search warrant document, (2) the depositions of the police officers, and (3) photographs of the area where the trash had been collected. We are satisfied that defendant was given the full benefit of the *Franks* doctrine in the district court's ruling. Defendant's counsel was not ineffective for failing to require more from the court. Moreover, any failure of the district court to consider the additional evidence presented concerning the source of the trash will be obviated by this court's consideration of all such evidence.

## II. *The Probable–Cause Issue.*

We now consider the merits of the probable-cause issue. The existence of probable cause to search a particular area depends on whether a person of reasonable prudence would believe a crime has been committed on the premises to be searched or that evidence of a crime might be located there. *Gogg,* 561 N.W.2d at 363; *Weir,* 414 N.W.2d at 330. The issuing magistrate or a judge resolving a challenge to the magistrate's finding "is simply [required] to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before [the magistrate or judge], including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information" probable cause exists. *Gogg,* 561 N.W.2d at 363 (quoting *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527, 548 (1983)). In so doing, a judge may rely on reasonable common-sense inferences from the information presented. *State v. Green,* 540 N.W.2d 649, 655 (Iowa 1995). Close cases are decided in favor of upholding the validity of the warrant. *Gogg,* 561 N.W.2d at 364; *State v. Godbersen,* 493 N.W.2d 852, 854–55 (Iowa 1992). Applying this standard to the showing before us, we conclude that probable cause existed for the issuance of the warrant

permitting the search of defendant's apartment.

In the present case, the evidence provided by the jailhouse informant, if corroborated, would render it probable that defendant would possess marijuana. Some corroboration of that statement is found in the information supplied by neighbors in December of 1997. More corroboration indicating that this was a continuing activity was found in the information provided by a neighbor in May of 1998, which included license plate numbers of persons with reputations for using drugs. As the Supreme Court has recognized, police knowledge of reputation may be an important element in determining probable cause. *United States v. Harris,* 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971). In that case, the Court said:

> We cannot conclude that a policeman's knowledge of a suspect's reputation— something that policemen frequently know and a factor that impressed such a "legal technician" as Mr. Justice Frankfurter—is not a "practical consideration of everyday life" upon which an officer (or a magistrate) may properly rely in assessing the reliability of an informant's tip.

*Id.* at 583, 91 S.Ct. at 2081–82, 29 L.Ed.2d at 733. We believe this principle is applicable to the reputations of those persons who visited defendant's apartment and also to defendant's own reputation based on his conviction for possession of marijuana with intent to deliver. The finding of marijuana residue in the trash behind defendant's apartment when considered with the other circumstances we have discussed was sufficient to establish probable cause for the issuance of the warrant notwithstanding the fact another tenant of the building also dumped trash at that location.

Based on the conclusions we have reached with respect to defendant's challenge to the warrant application and the finding of probable cause, we must affirm

the judgment of the district court. Although defendant argues in his brief that his Fourth Amendment rights were violated by the actions of law enforcement officers in searching his trash cans, that argument was expressly withdrawn during oral argument. We do not consider it. We have considered all issues presented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**

McGIVERIN, S.J.,* participates in place of LARSON, J., who takes no part.

---

* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (1999).