# IN THE COURT OF APPEALS OF IOWA

No. 13-0628
Filed April 30, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DARIUS LOVELL MAY,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Russell G. Keast, District Associate Judge.


        Defendant appeals his conviction for possession of marijuana, second offense.  **AFFIRMED.**


        Gerald J. Kucera, Cedar Rapids, for appellant.

        Thomas J. Miller, Attorney General, Heather R. Quick, Assistant Attorney General, Jerry Vander Sanden, County Attorney, and Rena Nerhus and Elena Wolford, Assistant County Attorneys, for appellee.


        Considered by Tabor, P.J., McDonald, J., and Eisenhauer, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013)

**EISENHAUER, S.J.**

Defendant Darius May appeals his conviction for possession of marijuana, second offense. He contends the trial court erred when it denied his motion to suppress evidence. We affirm.

### I. Background Facts & Proceedings

On August 13, 2012, Cedar Rapids police officers received an anonymous tip a man driving various vehicles and carrying a duffel bag would arrive at a condominium on Muirfield Drive every three to five days. The condominium was owned by May's girlfriend, Amy Opperman. Police records revealed a similar anonymous tip received in August 2011. The tip in 2011 also included information there was a lot of short-term traffic at the residence. The 2011 tipster reported overhearing conversations about cocaine and observing marijuana use at the residence.

On August 27, 2012, the day for regular garbage pickup for the area, Officer Randy Jernigan drove by the residence and took three bags of garbage out of a plastic garbage container placed by the street for garbage pickup. In the trash bags the officer found a document addressed to Opperman, a credit card issued to May, two marijuana stems, and the remains of marijuana blunt roaches.

Officer Jernigan applied for a search warrant, including the information noted above. He also included information May had convictions in 2000 for possession of a controlled substance and gathering where controlled substances were found and in 2003 for possession with intent to deliver a controlled substance and failure to affix a drug tax stamp. The search warrant application was approved by a judge.

The search warrant was executed on September 5, 2012. Officers found marijuana in the home. Additionally, May told officers he smoked marijuana three or four times a week. May was charged with possession of marijuana, second offense, in violation of Iowa Code section 124.401(5) (2011).

May filed a motion to suppress, claiming the search warrant was invalid because it violated a city ordinance for police officers to confiscate garbage, the garbage had not been placed next to a public street, there was insufficient evidence the anonymous tipster was reliable, and his previous convictions were stale. The State did not file a written resistance to the motion to suppress.

At the suppression hearing, May argued the court should grant his motion to suppress because the State had not filed a formal resistance. The prosecutor asserted the State intended to resist but had not filed a written response. Opperman testified her condominium was on a private drive. She stated her plastic garbage container had been provided by the City of Cedar Rapids. Trash was collected from the container by the city. Officer Jernigan testified concerning his actions relating to this case.

The court denied the motion to suppress. The court noted the State had orally resisted the motion to suppress. The court found May had no expectation of privacy in the garbage put out to be picked up by a public agency. The court concluded the evidence obtained from the trash, in and of itself, established a substantial basis to conclude probable cause existed to issue a search warrant. The court further determined officers had properly executed the search warrant.

May waived his right to a jury trial, and the case proceeded to a trial based on the minutes of evidence. The court found May guilty of possession of

marijuana, second offense. He was sentenced to four days in jail, with credit for time served. May now appeals his conviction, claiming the court should have granted his motion to suppress.

## II. Standard of Review

When a ruling on a motion to suppress is based on constitutional issues, our review is de novo. *State v. Lowe*, 812 N.W.2d 554, 566 (Iowa 2012). We make an independent evaluation of the totality of circumstances as shown by the entire record, including evidence presented at the suppression hearing. *Id.* We give deference to the factual findings of the district court due to the court's opportunity to evaluate the credibility of witnesses, but are not bound by such findings. *State v. Pals*, 805 N.W.2d 767, 771 (Iowa 2011).

## III. Resistance to Motion

After May filed his motion to suppress, the matter was set for a hearing. The State sought a continuance on the ground Officer Jernigan would be unavailable. The trial court file also shows the State subpoenaed several witnesses to appear at the suppression hearing. Thus, prior to the suppression hearing, May was aware the State intended to present the testimony of witnesses.

At the hearing, May claimed the court should grant his motion to suppress because the State did not file a written resistance to his motion. The prosecutor asserted the State resisted the motion to suppress, but had not filed a written response to the motion. The prosecutor cross-examined Opperman, who was May's witness; presented the testimony of Officer Jernigan; and made a closing

argument. May was given one week to respond to the State's arguments, and he filed a supplemental brief. After this, the court denied his motion to suppress.

On appeal, May argues the court should have granted his motion to suppress on the ground the State did not formally resist the motion. May had an adequate opportunity to respond to the State's arguments. We find no legal authority to support a conclusion a response to a motion must be in writing. We agree with the court's determination the motion to suppress should be addressed on the merits.

## IV. Search of Garbage

May contends the State needed probable cause to search his garbage and probable cause was lacking in this case. A similar issue was addressed in *State v. Skola*, 634 N.W.2d 687, 689 (Iowa Ct. App. 2001), where a defendant claimed the State did not have probable cause to search his garbage because it had not conducted surveillance prior to the seizure. We determined Skola did not have a reasonable expectation of privacy in his garbage, which had been placed in a garbage can near the street. *Skola*, 634 N.W.2d at 690. We noted the United States Supreme Court had stated, "[H]aving deposited their garbage 'in an area particularly suited for public inspection and, in a manner of speaking, public consumption, for the express purpose of having strangers take it,' respondents could have had no reasonable expectation of privacy in the inculpatory items that they discarded." *Id.* (quoting *California v. Greenwood*, 486 U.S. 35, 37 (1988)). We upheld the warrantless search of Skola's garbage. *Id.* at 691.

When a defendant puts garbage bags in an area where they are customarily removed by trash collectors, the defendant has no legitimate expectation of privacy in the garbage. *State v. Henderson*, 435 N.W.2d 394, 396-97 (Iowa Ct. App. 1988). Evidence obtained by police officers from the garbage, therefore, may be properly considered in the issuance of a search warrant of the defendant's residence. *Id.* at 397.

In the present case, the garbage bags obtained by police officers had been placed in a plastic garbage container provided by the City of Cedar Rapids for the purpose of garbage pickup by the city. The plastic garbage container was placed about one foot from the street on the day designated for garbage pickup in the area. Even if Muirfield Drive was a private drive, there were no restrictions on travel on the road by members of the public. We conclude the court properly found, "The Defendant cannot maintain a reasonable expectation of privacy in garbage that has been set out to be picked up by a public agency and is thereafter available for public scrutiny at that point."

May has also raised arguments evidence obtained from the search of his garbage should be suppressed because a city ordinance required garbage removal to be performed by "duly-authorized collectors," and the garbage was on private property because Muirfield Drive is a private drive. We agree with the court's conclusion these arguments were not relevant because May did not have a reasonable expectation of privacy in the abandoned garbage. The evidence obtained by police officers from the garbage was properly considered in the issuance of a search warrant of the residence on Muirfield Drive. *See id.*

**V. Search Warrant**

**A.** May asserts the court should have granted his motion to suppress on the ground the search warrant was invalid because it contained allegedly false information. In order to successfully impeach a warrant application, a defendant must establish the officer "was purposely untruthful with regard to a material fact in his . . . application for the warrant, or acted with reckless disregard for the truth." *State v. McPhillips*, 580 N.W.2d 748, 751 (Iowa 1998). May claims the officer should have included information a city ordinance required "duly-authorized collectors" to pick up garbage and Muirfield Drive was a private drive.

The trial court stated, "As these issues are not germane to the evidence cited in the application for search warrant, Officer Jernigan's failure to state that Muirfield Drive, Southwest, is a private road and that there exists a city ordinance involving the collection of trash do not constitute knowing false statements." We concur in the court's conclusion. May has not shown the officer's omission of these items was deliberate, false, or a reckless disregard for the truth. *See State v. Palmer*, 569 N.W.2d 614, 617 (Iowa Ct. App. 1997).

**B.** Finally, May contends information about his previous criminal convictions should not be considered in determining the adequacy of the information in the search warrant application because the convictions were stale. "Allegations of criminal conduct may be so distant in time as to provide no probable cause for a warrant." *State v. Randle*, 555 N.W.2d 666, 670 (Iowa 1996).

The trial court acknowledged May's argument about the staleness of his convictions but chose not to consider it, finding the evidence discovered in the

garbage was sufficient to provide a basis for the issuance of the search warrant. We agree with the court's conclusion.  Based on the discovery of marijuana in the garbage obtained from the street in front of Opperman's condominium, there was probable cause for the search warrant for the residence.

We affirm the decision of the court denying May's motion to suppress.  We affirm May's conviction for possession of marijuana, second offense.

**AFFIRMED.**