# IN THE COURT OF APPEALS OF IOWA

No. 17-0315
Filed February 7, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**LAURA ANN ALLEN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Marion County, Terry R. Rickers,

Judge.


        A defendant challenges her conviction for assault causing bodily injury,

contending she acted in self-defense. **AFFIRMED**.


        Jeremy L. Merrill of Lubinus Law Firm, PLLC, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney

General, for appellee.


        Considered by Vogel, P.J., and Tabor and Bower, JJ.

**TABOR, Judge.**

A jury found Laura Ann Allen guilty of assault causing bodily injury after hearing evidence she repeatedly punched Alicia Wright in the face, splitting open Wright's upper lip and bruising her forehead. Allen argues the State failed to offer sufficient evidence to rebut her claim of self-defense. Because the jurors were entitled to sort through the varying versions of events, we decline to upend their verdict.

## I.    Facts and Prior Proceedings

Two couples, who had been close friends, started bickering over Facebook and sending disparaging text messages to each other into the early morning hours of November 5, 2016. One of the couples, Jeremy Moon and Alicia Wright, went to the Pleasantville home of the other couple, Richard Heck and Allen, to "talk things out." Wright knocked at the door, and Heck came storming out, chest-bumping Moon.

According to the prosecution, Wright tried to get between the two men, and Allen attacked her. When Allen pushed Wright against the car, Wright lost her balance and fell to the ground. Heck eventually pulled Allen off Wright. When she stood up, Wright realized her face was bleeding and she started shouting at Allen. Meanwhile, Moon called 911 to report an assault in progress; loud yelling can be heard in the background during his conversation with the dispatcher. While Moon was on the phone, Allen started hitting Wright again. Moon recalled Allen launching three separate forays on Wright. Wright testified Allen hit her "more times than [she] could count."

Within two minutes of Moon's 911 call, Pleasantville Police Chief Joe Mrstik arrived at the "chaotic" scene. He saw Wright's face "covered in blood" and offered medical assistance. By contrast, the chief saw no injuries to Allen, but she did have blood on her hands and arm. The chief asked Allen several times if she had been assaulted, but she said she had not been. When explaining her fight with Wright, Allen told Chief Mrstik: "I'm sick of her shit and I'm gonna beat her ass." Allen admitted punching Wright when they were pushed against the car and again when they were down on the ground.

The State charged Allen with assault causing bodily injury, a serious misdemeanor, in violation of Iowa Code sections 708.1(2)(a) and 708.2(2) (2016). She claimed self-defense. Moon, Wright, and several police officers testified for the State. Allen did not testify but called two neighbors to support her justification defense. The jury found Allen guilty as charged. The district court sentenced her to ninety days in jail with all but three days suspended and placed her on probation for one year. Allen appeals her conviction.

## II.    Standard of Review

We review Allen's challenge to the sufficiency of evidence for correction of legal error. *See State v. Shorter*, 893 N.W.2d 65, 70 (Iowa 2017). We will affirm the denial of a motion for judgment of acquittal if the trial record contains substantial evidence supporting conviction. *See id.* We view the evidence in the light most favorable to the State, and we indulge "all reasonable inferences that may be fairly drawn from the evidence." *State v Howse*, 875 N.W.2d 684, 688 (Iowa 2016) (quoting *State v. Showens*, 845 N.W.2d 436, 439 (Iowa 2014)). We consider all evidence, both inculpatory and exculpatory. *State v. Thomas*, 561

N.W.2d 37, 39 (Iowa 1997). "Evidence that raises only 'suspicion, speculation, or conjecture' is *not* substantial evidence." *Id.* (citing *State v. Randle*, 555 N.W.2d 666, 671 (Iowa 1996)). When reviewing a self-defense claim, we also view evidence in the light most favorable to the State. *See State v. Elam*, 328 N.W.2d 314, 319 (Iowa 1982).

**III. Did the State Present Substantial Evidence Rebutting Allen's Claim of Justification and Supporting Her Conviction for Assault Causing Bodily Injury?**

To convict Allen of this serious-misdemeanor assault offense, the jury was required to find beyond a reasonable doubt the following elements:

1. On or about November 5, 2016, [Allen] assaulted[1] Alicia Wright. . . .
2. [Allen] had the apparent ability to do the act. . . .
3. [Allen] caused a bodily injury to Alicia Wright . . . .
4. [Allen] was acting without justification.

The jury could infer Allen's intent from her actions and the circumstances of the encounter. *See State v. Copenhaver*, 844 N.W.2d 442, 452 (Iowa 2014).

In addition, because Allen raised the issue of self-defense, the State also had the burden to prove beyond a reasonable doubt that she was not justified in her actions. *See State v. Richards*, 879 N.W.2d 140, 148 (Iowa 2016). The State could meet that burden by providing any of the following facts: (1) Allen started or continued the incident resulting in Wright's injury; (2) Allen did not believe she was in imminent danger of death or injury and that the use of force was not necessary

---

[1] The jury received an instruction defining assault as an act committed with "the specific intent to cause pain or injury, result in physical contact which will be insulting or offensive, or place another in fear of immediate physical contact which will be painful, injurious, insulting or offense to another person when coupled with the apparent ability to do the act." *See* Iowa Code § 708.1.

to save her; (3) Allen had no reasonable grounds for such belief; or (4) Allen used unreasonable force. *See id.*

On appeal, Allen does not contest any element of the serious-misdemeanor assault. Rather, she focuses on the justification defense, insisting Wright was the aggressor and Allen's response was "reasonable under the circumstances." In support of her position, Allen showcases the testimony offered by her neighbors who arrived just before the police. The two neighbors believed Wright initiated contact with Allen by grabbing Allen's hair.

The jury was entitled to give less credence to the neighbors' observations than the testimony of Wright and Moon. *See State v. Blair*, 347 N.W.2d 416, 420 (Iowa 1984) (explaining jury is "at liberty to believe or disbelieve" witnesses). The neighbors missed the beginning of the incident, arriving moments before police. Plus, Allen's admissions to Chief Mrstik corroborate Moon and Wright.

A rational jury could have determined Allen initiated, or at least prolonged, the physical confrontation that resulted in Wright's injuries. Further, the State presented substantial proof Allen neither subjectively believed she was in imminent danger nor was such a belief reasonable. Allen used colorful language in telling police she was fed up with Wright and wanted to harm her. Finally, even assuming Allen believed she had to use force to escape Wright's grip on her hair, the jury could have determined the level of force employed—innumerable blows to Wright's face—was unreasonable under the circumstances. The State's evidence was sufficient to overcome Allen's justification defense. We will not disturb the jury's verdict.

**AFFIRMED.**