# IN THE COURT OF APPEALS OF IOWA

No. 17-1327
Filed March 6, 2019

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**NORTAVIS NORTEZ SALLIS,**
　　Defendant-Appellant.
_____

　　Appeal from the Iowa District Court for Black Hawk County, Joel Dalrymple, Judge.

　　Defendant appeals his convictions and sentence for possession of cocaine, possession of a firearm as a felon, and possession of marijuana. **AFFIRMED.**

　　F. David Eastman of Eastman Law Office, Clear Lake, for appellant.

　　Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

　　Considered by Vogel, C.J., and Vaitheswaran and McDonald, JJ.

**VOGEL, Chief Judge.**

Nortavis Nortez Sallis appeals his convictions and sentence for possessing cocaine as a habitual offender, in violation of Iowa Code section 124.401(5) (2014); possessing a firearm as a felon, in violation of Iowa Code section 724.26; and possessing marijuana as a habitual offender, in violation of Iowa Code section 124.401(5). He argues the district court erred in denying his motion to suppress and abused its discretion when it admitted a photograph of a digital scale with an unknown white powder on it. Because the search warrant was supported by probable cause and the photograph's probative value outweighed the danger of unfair prejudice, we find the motion to suppress was properly denied and the district court did not abuse its discretion in admitting the evidence.

## I.  Background Facts and Proceedings

On October 22, 2014, Investigator Joseph Zubak applied for a search warrant for Sallis's residence. The application stated Investigator Michael Girsch received a report from a "concerned citizen," who saw "constant traffic coming and going from" the residence, and stated the visitors would only stay for a short period of time. Also, the application indicated Investigator Girsch conducted his own surveillance following the report and observed a lot of traffic coming and going at the residence, which he indicated was the "type of activity [that] is consistent with drug trafficking." Finally, the application stated the "concerned citizen" identified Sallis and listed Sallis's criminal history.

Finding probable cause, a judge granted the search warrant, which was then executed on October 23. During the search, law enforcement found cocaine, marijuana, a handgun, and related paraphernalia, including a digital scale covered

in a white, powdery substance. Sallis was charged with possession of cocaine, possession of a firearm as a felon, and possession of marijuana.

On March 12, 2015, Sallis filed a motion to suppress the evidence found at his residence because he claimed the search-warrant application failed to establish probable cause, asserting the evidence was stale. A hearing on the motion was held on May 11, and the district court denied the motion on October 30. In the denial ruling, the district court found "[t]he information contained in the application for the search warrant would cause a person of reasonable prudence to believe that evidence of the illegal possession and delivery of controlled substances could be located on or about October 22, 2014." Sallis also filed a motion in limine requesting various evidence to be deemed inadmissible, including "[a]ny reference to suspected but untested drugs as potentially misleading and prejudicial." The district court denied the motion and determined the photo of a scale with an untested white powder was admissible.

The case proceeded to trial, where Sallis renewed his motion to suppress, which was again denied. The jury returned guilty verdicts on all counts. After a trial to the court on the issue of sentencing enhancements, Sallis was sentenced on all convictions as a habitual offender, under Iowa Code sections 902.8 and 902.9, to a term of incarceration of fifteen years with a three-year minimum for each conviction; the sentences to run concurrently to each other. He appeals.

## II. Standard of Review

Regarding whether probable cause supported the search warrant, our review is de novo. *State v. Randle*, 555 N.W.2d 666, 668 (Iowa 1996). "We do not, however, make an independent determination of probable cause; we merely

decide whether the issuing judge had a substantial basis for concluding probable cause existed." *State v. Gogg*, 561 N.W.2d 360, 363 (Iowa 1997). "In doing so, the judge may rely on 'reasonable, common sense inferences' from the information presented." *Id.* (quoting *State v. Green*, 540 N.W.2d 649, 655 (Iowa 1995)).

As to the admission of the photo of the scale, "[w]e review evidentiary rulings for abuse of discretion." *State v. Huston*, 825 N.W.2d 531, 536 (Iowa 2013). "We find an abuse of discretion only when the party claiming such shows that the court exercised the discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Maghee*, 573 N.W.2d 1, 5 (Iowa 1997).

### III. Motion to Suppress

Sallis argues the district court should have granted his motion to suppress because the search-warrant application lacked probable cause. Specifically, he asserts the information in the application was stale and the application failed to establish the "concerned citizen" was credible. A search warrant must be supported by probable cause, and the test for probable cause is "whether a person of reasonable prudence would believe a crime was committed on the premises to be searched or evidence of a crime could be located there." *Gogg*, 561 N.W.2d at 363 (quoting *State v. Weir*, 414 N.W.2d 327, 330 (Iowa 1987)).

### A. Timeliness of the Information

Sallis first argues the information in the application was either undated or too remote, and therefore probable cause was not established. The State argues the ongoing nature of the criminal conduct justified the thirteen-month passage of time, measured from the date of the most remote event on the application. "Whether information is stale depends on the circumstances of each case."

*Randle*, 555 N.W.2d at 670. When determining whether information is stale, the court looks at the following circumstances:

> (1) [T]he character of the crime (whether an isolated event or an ongoing activity), (2) the character of the criminal (nomadic or stable), (3) the nature of the thing to be seized (perishable, easily destroyed, not affixed and easily removable, or of enduring utility to the holder), and (4) the place to be searched (mere criminal forum of convenience or secure operational base).

*Gogg*, 561 N.W.2d at 367 (internal citations omitted).

The timeliness of information is determined by "the most remote date within the time period mentioned in the affidavit." *Id.* "If there has been a significant passage of time between the alleged criminal conduct and the application for a warrant, the applicant must show that the offense is continuous in nature." *Randle*, 555 N.W.2d at 670. Therefore, when information demonstrating ongoing drug-related activities is included in an application, "the passage of time is less problematic because it is more likely that these activities will continue for some time into the future." *Gogg*, 561 N.W.2d at 367.

The most remote date in the application is September 2013, which is thirteen months before the execution of the warrant. However, as Investigator Zubak indicated in his fourteen-page application, there was evidence to show Sallis's accomplice acquired drugs and Sallis would distribute the drugs out of his home in an ongoing drug-distribution scheme. Therefore, due to the ongoing character of the crime, the passage of time is less problematic than Sallis asserts. In addition, Sallis claims the other circumstances cannot be met due to the lack of dated information in the application. However, the failure to specify exact times for the information is not fatal if other facts in the application can show timeliness.

*See id.* Based on the information in the application, including the information on Sallis's accomplice and the traffic at Sallis's residence that was consistent with drug dealing, we find the ongoing illegal activity was "adequately portrayed" to the judge; thus, the judge could have reasonably found probable cause existed. *Randle*, 555 N.W.2d at 670.

### B. Credibility of the Concerned Citizen

Next, Sallis briefly argues the concerned citizen "was acting as an informant and there is no evidence with regard to the credibility of this person." The State asserts the citizen's information is "presumptively reliable" and Investigator Girsch appropriately corroborated the information. "A citizen informant is ordinarily defined as a person who is a witness to or a victim of a crime." *State v. Niehaus*, 452 N.W.2d 184, 189 (Iowa 1990). Information from a citizen informant is typically presumed reliable. *State v. Post*, 286 N.W.2d 195, 200 (Iowa 1979). "The reliability of a citizen informant may be shown 'by the very nature of the circumstances under which the incriminating information became known.'" *Id.* (quoting *State v. Drake*, 224 N.W.2d 476, 478 (Iowa 1974)). Here, the concerned citizen reported "constant traffic" was going to and from Sallis's residence at various times of the day. Investigator Girsch then corroborated the information "[s]hortly after" receiving the citizen's report and determined such activity was consistent with drug trafficking. Therefore, based on the totality of the

circumstances, the judge could reasonably have found the citizen's information was reliable.[1]

### C. Probable Cause Existed

Since the information in the application was not stale and the citizen informant was reliable, we find "a person of reasonable prudence would believe a crime was committed on the premises to be searched or evidence of a crime could be located there." *Gogg*, 561 N.W.2d at 363 (quoting *Weir*, 414 N.W.2d at 330). Therefore, probable cause existed to support the grant of the search warrant, and we find the motion to suppress was properly denied.

### IV. Admission of Evidence

Sallis also claims the district court abused its discretion by admitting a photograph of a digital scale with a white powder on it. He argues the substance on the scale was never tested and confirmed to be a drug; therefore, admission of the evidence "cause[d] the jurors to be more inclined to believe that this scale was used for weighing drugs when in fact there is no proof to substantiate that that white powder was a drug." The State claims the district court properly concluded any danger of unfair prejudice by the photograph did not outweigh its probative value. The district court found the evidence to be admissible and stated "the fact that it may have been some other substance goes to its weight, but not its admissibility."

---

[1] The warrant application includes two informants' attachments, which indicate the reliability of the informant and state the informant supplied information to law enforcement in the past at least thirty to fifty times.

Iowa Rule of Evidence 5.403 states "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." *See also State v. Mitchell*, 633 N.W.2d 295, 298–99 (Iowa 2001) (noting the determination that the probative value of evidence is substantially outweighed by the danger of unfair prejudice "overcomes the evidence's prima facie admissibility, and the evidence must be excluded"). Regarding the alleged unfair prejudice, we agree with the district court that defense counsel was free to argue the substance on the scale was unknown because law enforcement failed to properly test it, and thus, the potential unfair prejudice did not substantially outweigh the probative value. *See* Iowa R. Evid. 5.403. Therefore, we find the district court did not abuse its discretion in admitting the evidence.

## V. Conclusion

We conclude the district court properly denied Sallis's motion to suppress because probable cause was established in the search-warrant application. Also, we conclude the district court did not abuse its discretion by admitting evidence of a digital scale.

**AFFIRMED.**