**IN THE COURT OF APPEALS OF IOWA**

No. 16-1367
Filed December 20, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**HENRY FORD,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, George L. Stigler, Judge.

Henry Ford appeals his convictions for possession with intent to deliver (marijuana), second offense, and child endangerment. **AFFIRMED.**

Adam R. Junaid of Frerichs Law Office, P.C., Waterloo, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Heard by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**VAITHESWARAN, Presiding Judge.**

Henry Ford appeals his convictions for possession with intent to deliver (marijuana), second offense, and child endangerment. He contends a search of a vehicle exceeded the scope of a warrant.

## I.    *Background Facts and Proceedings*

An investigator with the Tri-County Drug Enforcement Task Force applied for a warrant to search Ford's home, garage, and three vehicles for various items including "[m]arijuana or any other illegal narcotics" and "monies and other proceeds deemed to have come from the sale of [m]arijuana or any other illegal narcotics." One of the vehicles was a 1957 Buick. A magistrate found probable cause to issue the warrant based on facts contained in an addendum.

Law enforcement officers executed the warrant. They discovered marijuana in the house, marijuana residue in the garage, and wads of cash totaling $7112 in Ford's pockets. They seized the three vehicles and towed them to an impound lot.

The State charged Ford with (1) possession of a controlled substance (marijuana) with intent to deliver within 1000 feet of a public park and (2) child endangerment. *See* Iowa Code §§ 124.401(1)(d), 124.401A, and 726.6 (2015). The first count was later amended to charge Ford as a second offender and a habitual offender.

In time, the law enforcement investigator went to the impound lot with Ford to retrieve a set of keys the district court had ordered returned to him. Before turning over the keys to Ford, the investigator tried them on the trunk of the Buick.

One of the keys unlocked the trunk. The officer noticed "a strong odor of marijuana emitting from inside" and, on further investigation, discovered a brick of marijuana.

Ford moved to suppress this evidence. He asserted in part that the seizure of the Buick exceeded the scope of the warrant, "which authorized only a search" of the Buick. Following an evidentiary hearing, the district court denied the motion. The court reasoned as follows:

> Within the contents of the affidavit, the confidential informant indicated that defendant may be using proceeds of drug trafficking to purchase classic luxury vehicles. The affiant stated in the affidavit that drug traffickers will sometimes conceal their proceeds by purchasing such items. The search warrant permitted the officers to seize the proceeds of drug trafficking. The face of the affidavit permits a reasonable conclusion that the vehicle seized constituted proceeds of drug trafficking.

Ford waived his right to a jury trial and agreed to be tried on the minutes of testimony. The district court found him guilty on both counts and imposed sentence. Ford appealed.

## II. Analysis

Ford concedes the search warrant was supported by probable cause. *See* U.S. Const. amend. IV ("[N]o Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be search, and the persons or things to be seized."); Iowa Const. art. 1 § 8 ("[N]o warrant shall issue but on probable cause, supported by oath or affirmation, particularly describing the place to be searched, and the persons and things to be seized."). He also concedes the validity of attachments referenced in the warrant application and the manner in which they accompanied the warrant. *See United States v. Johnson*, 541 F.2d 1311, 1315 (8th Cir. 1976) ("[W]here the affidavit is

incorporated into the warrant, it has been held that the warrant may properly be construed with reference to the affidavit for purposes of sustaining the particularity of the premises to be searched, provided that a) the affidavit accompanies the warrant, and b) the warrant uses suitable words of reference which incorporate the affidavit therein."). He argues "the warrant did not authorize seizure of the 1957 Buick because the car was not particularly identified in the detailed list of items to be seized." In his view, the Buick "was listed on the warrant as a place to be searched, but it was not listed as a thing to be seized," and because "[t]he vehicle in question was already precisely known and listed in the warrant application, along with all evidence purportedly linking it to proceeds," it was "not an appropriate item to be included in a catch-all term such as proceeds." His argument implicates the constitutional particularity requirement.

"Both the Iowa and United States Constitutions, as well as the Iowa Code, require that the warrant and affidavits particularly describe what is to be searched and what is to be seized." *State v. Randle*, 555 N.W.2d 666, 671 (Iowa 1996); *see also* Iowa Code § 808.3. "This is not to mean that a hypertechnical, perfectly accurate description must be provided, rather, that the descriptions in the warrant and affidavits be 'sufficiently definite to enable the searcher to identify the persons, places or things the magistrate has previously determined should be searched or seized.'" *State v. Thomas*, 540 N.W.2d 658, 662 (Iowa 1995) (quoting *People v. Nieves*, 330 N.E.2d 26, 31 (N.Y. 1975)).

The warrant application described the property "subject to a search warrant" as including "monies and other proceeds deemed to have come from the sale of marijuana or any other illegal narcotics." The warrant application stated the property was "[l]ocated at or in" the Buick, identified by model year, state of registration, plate number and VIN number. *See State v. Leto*, 305 N.W.2d 482, 488 (Iowa 1981) (finding warrant sufficiently particular where the vehicles to be seized were identified by their VIN numbers). A confidential informant, determined to have provided accurate information in the past, told a law enforcement officer that the vehicle "was likely purchased with drug proceeds." The officer confirmed Ford's ownership of the vehicle. His training and experience led him to opine that individuals "involved in the distribution of narcotics will often utilize multiple vehicles to conduct their illegal business." He also opined that "vehicles are a common asset purchased by drug traffickers who are in possession of large amounts of money," and vehicles "are also seen as an asset to 'show off' and may boost one's status among associates." *See State v. Godbersen*, 493 N.W.2d 852, 856 (Iowa 1992) ("An officer's expert opinion is an important factor to be considered by the judge reviewing a warrant application."). The final page of the addendum sought the issuance of a warrant for several locations, including the Buick, "in search of" several items including "marijuana or any other illegal narcotics" and "monies and other proceeds deemed to have come from the sale of marijuana or any other illegal narcotics." The search warrant adopted this language and identified the Buick as it was identified in the application.

The specificity of the vehicle description, the reference to seizure of drug proceeds, and the attestations of a nexus between the vehicle and drug proceeds

lead us to conclude the constitutional particularity requirement was satisfied. *See State v. Todd*, 468 N.W.2d 462, 467 (Iowa 1991) ("When a warrant affiant has probable cause but cannot give an exact description of the materials to be seized, a warrant will generally be upheld if the description is as specific as the circumstances and the nature of the activity under investigation permit."); *see also United States v. Nieman*, 520 F.3d 834, 839 (8th Cir. 2008) (concluding the warrant satisfied the particularity requirement because the property to be seized was limited to items associated with drug trafficking and because the officer explained how the seized items were relevant to drug trafficking). On our de novo review, we affirm the district court's denial of Ford's suppression motion. In light of our conclusion, we need not address Ford's argument that "[a]ll evidence discovered after the illegal seizure should have been suppressed as fruit of the poisonous tree."

**AFFIRMED.**