**STATE of Iowa, Appellee,**

v.

**Kevin Bruce MOORE, Appellant.**

No. 99–300.

Supreme Court of Iowa.

April 26, 2000.

John T. Breitbach and Brenda K. Wallrichs, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, Karen Doland, Assistant Attorney General, J. Patrick White, County Attorney, and Michael Brennan, Assistant County Attorney, for appellee.

CARTER, Justice.

Defendant, Kevin Bruce Moore, was convicted following a bench trial of driving while under the influence (OWI), second offense, in violation of Iowa Code section 321J.2 (1997). He now appeals, challenging the district court's ruling on a motion to suppress evidence. He contends that on the evening of his arrest the law enforcement officer stopped the motor vehicle he was driving without reasonable cause to do so. He urges that evidence

subsequently gathered, including the chemical test results obtained under the implied consent law, was the product of an illegal stop and should have been suppressed. After reviewing the record and considering the arguments of the parties, we reject defendant's contention and affirm the judgment of the district court.

Viewed most favorably toward the trial court's findings, the evidence revealed the following facts. Defendant was picnicking in Macbride State Park in Johnson County on the evening of June 13, 1998. At about 10:30 p.m., he decided to leave the park. He drove through the camping area toward the main highway in his Dodge pickup. Near the park's shower facility, he was waved down by a Department of Natural Resources park ranger, who held the credentials of a peace officer. *See* Iowa Code § 801.4(11)(g) ("peace officer" includes Department of Natural Resources officers as authorized by section 456A.13). When the ranger detected the smell of alcohol on defendant, she radioed for help from the Iowa State Patrol. A state trooper soon arrived on the scene and arrested defendant for OWI. The sufficiency of the evidence to sustain defendant's conviction on that charge is not at issue, only the legality of the investigatory stop initiated by the park ranger.

In his motion to suppress, defendant urged that the park ranger did not have a reasonable belief that he was violating or had violated any law or that he posed a specific threat to anyone's safety. At the suppression hearing, the park ranger testified that she stopped defendant in order to warn him that his speed, although less than the posted limit of twenty miles per hour, posed a danger to campers based on the circumstances then existing in the park. She testified that parked vehicles along the campsites obstructed the view of campers entering on the roadway and also obstructed the view that motorists would have of campers that might step out on the road. In expanding on that point, she testified:

[At] that time of the evening there's a lot of people, like I said earlier, taking their kids up to use the restroom before retiring for the evening, and the campground was full and there were a lot of people in the campground in a small area.

In denying defendant's motion to suppress, the district court stated:

Well, I'm going to deny the motion to suppress evidence, the reason being the DNR has a safety role in protecting campers within the Macbride State Park. The evidence, as I heard it, is that the ranger asked the defendant to pull over and stop because she believed he was traveling too fast for the safety of the campers who were overnight in the campgrounds. Whether or not someone was actually on the roadway I don't think is the thrust of the issue in that the evidence is it was a full campground. There were numerous individuals camping, families camping, and that there are no sidewalks provided for the safety of people walking here and there around that campground. She believed that the defendant was traveling at a speed apparently up to fifteen miles per hour which could provide a safety hazard. For this reason, she stopped the defendant and asked him to pull over. I believe that's a legitimate policing function, and, therefore, deny the motion to suppress based on an unconstitutional stop.

■ We agree with the district court that the ranger was acting within her legal authority in stopping defendant's vehicle. Park rangers are peace officers who possess the authority to supervise and direct the actions of persons in the park, whether on foot, bicycle, or riding in a motorized vehicle. Iowa Code §§ 456A.13, .24(12). Although defendant makes a plausible argument that his driving did not constitute a criminal violation, the park ranger nevertheless could have reasonably concluded that it posed a threat to the safety of other persons in the park. Although apparently

no one was actually on or approaching the roadway at the time defendant was directed to stop his vehicle, this was something that might have occurred at any moment in the dark of night.

■ Law enforcement officers are charged with duties that go beyond enforcement of the criminal law, and when in the performance of such duties they come upon evidence of crime, it does not violate the Fourth Amendment to gather it for purposes of preparing a criminal prosecution. The Supreme Court recognized this reality in *Cady v. Dombrowski*, 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973). In that case, the Court made the following observations:

> Local police officers, unlike federal officers, frequently investigate vehicle [operation] in which there is no claim of criminal liability and engage in what, for want of a better term, may be described as community caretaking functions. . . .
>
> . . . The constitutional difference between searches of and seizures from houses and similar structures and from vehicles stems both from the ambulatory character of the latter and from the fact that extensive, and often noncriminal contact with automobiles will bring local officials in "plain view" of evidence, fruits, or instrumentalities of a crime, or contraband.

*Cady*, 413 U.S. at 441–42, 93 S.Ct. at 2528, 37 L.Ed.2d at 714–15.

We recognized and applied the principle espoused in *Cady* in *State v. Mitchell*, 498 N.W.2d 691 (Iowa 1993). In that case, we concluded that the Iowa State Patrol was charged with public safety duties that extend beyond crime detection and investigation. *Mitchell*, 498 N.W.2d at 694 ("When evidence is discovered in the course of performing legitimate community caretaking or public safety functions, the exclusionary rule is simply not applicable.").

In the present case, the park ranger's authority to stop defendant's vehicle was derived from two sources. First, it is specified in Iowa Code section 321.285 that

> [a]ny person driving a motor vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface, and width of the highway and of any other conditions then existing.

The ways of travel in state parks are public highways if open to the general public. Iowa Code §§ 321.1(78), 461A.8. Although a violation of section 321.285 may be a misdemeanor, *see* Iowa Code section 321.482, we believe the statute confers a public safety function on Iowa peace officers as well as a law enforcement function. The second source of the park ranger's authority is found in Iowa Code section 461A.3, which grants to the Department of Natural Resources and its employees regulatory authority in regard to "proper public access" within the state park system. Either or both of these statutes support the park ranger's action in stopping defendant's vehicle. We have considered all issues presented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**