# IN THE COURT OF APPEALS OF IOWA

No. 13-1112
Filed October 15, 2014

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**RICHARD SEAN NELSON,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, James D. Birkenholz (motion to suppress) and Cynthia M. Moisan (trial), District Associate Judges.

Richard Nelson appeals his conviction for operating while under the influence of alcohol (OWI), asserting error in the district court's denial of his motion to suppress evidence that resulted from the stop of his vehicle. **AFFIRMED.**

R. A. Bartolomei of Bartolomei & Lange, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Heather Ann Mapes, Assistant Attorney General, John P. Sarcone, County Attorney, and Maurice Curry, Assistant County Attorney, for appellee.

Considered by Potterfield, P.J., Mullins, J., and Miller, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**POTTERFIELD, P.J.**

Richard Nelson appeals his conviction for operating while under the influence of alcohol (OWI), asserting error in the district court's denial of his motion to suppress evidence that resulted from the stop of his vehicle. He alleges the arresting officer had neither probable cause nor reasonable suspicion to pull him over, violating his rights under both the United States Constitution and the Iowa Constitution.

### I. Factual and Procedural Background

On February 23, 2013, around 1:00 AM, Officer Jason Burke was on routine night patrol when he observed a truck approaching him on the opposite side of the road that "appeared to be having an issue with maintaining its lane." He pulled the driver over. As a result of the stop, Nelson, the driver, was ultimately charged and convicted of OWI, his second such offense.

Nelson moved to suppress all evidence that resulted from the stop, asserting Burke had neither probable cause nor reasonable suspicion to pull him over without violating his constitutional right to be secure against unreasonable searches and seizures. The State argued Burke did have probable cause to pull Nelson over, or alternatively had a reasonable suspicion that criminal activity (OWI) was occurring.

The district court ruled Officer Burke had probable cause to believe Nelson had violated the law because he had drifted left of the center line. Nelson was convicted after a stipulated bench trial on the minutes and sentenced. He now appeals, asserting error in the denial of his suppression motion because the State demonstrated no probable cause or reasonable suspicion on the record.

**II. Error Preservation**

An officer may stop a vehicle if she has probable cause to do so by observing a traffic offense. *State v. Mitchell*, 498 N.W.2d 691, 693 (Iowa 1993). The district court found that Officer Burke observed Nelson violating a provision of Iowa's traffic laws: "A vehicle shall be driven upon the right half of the roadway upon all roadways of sufficient width." Iowa Code § 321.297 (2013). This observation gave him probable cause to stop the truck.

Nelson asserts for the first time on appeal that Officer Burke observed a legal driving maneuver under a statutory exception, which states a vehicle need not stay on the right half of the roadway "[w]hen an obstruction exists making it necessary to drive to the left of the center." Iowa Code § 321.297(1)(b). Nelson argues a small build-up of snow on the right side of the road constituted an obstruction for purposes of this statutory exception. He asserts that because he did not violate the law, Officer Burke could not have witnessed any violation, depriving him of probable cause.

Nelson did not argue this theory before the district court. Instead, he argued that the totality of the circumstances "mitigate[d] perhaps in favor of requiring the officer to take less invasive action in terms of encumbering [Nelson] and making a traffic stop on him." The district court had no opportunity to rule upon the effect of section 321.297(1)(b) on the facts. "Issues on appeal not raised in the district court are deemed waived." *State v. Meyers*, 799 N.W.2d 132, 147 (Iowa 2011).

Further, Nelson's more general argument—that his driving did not give rise to probable cause to believe or a reasonable suspicion that a criminal act

was in progress—is belied by the evidence.  In our de novo review, we find the district court's denial of Nelson's motion to suppress evidence is supported by the record made.

**AFFIRMED.**