# IN THE COURT OF APPEALS OF IOWA

No. 15-2073
Filed May 17, 2017

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**JOEL BROOKS,**
　　Defendant-Appellant.
_____

　　Appeal from the Iowa District Court for Polk County, William A. Price, District Associate Judge.


　　Joel Brooks appeals from his conviction for possession of a controlled substance challenging the district court's denial of his motion to suppress. **AFFIRMED.**


　　Alexander Smith of Parrish Kruidenier Dunn Boles Gribble Gentry Brown & Bergmann L.L.P., Des Moines, for appellant.

　　Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.


　　Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

Joel Brooks appeals from his conviction for possession of a controlled substance, second offense, in violation of Iowa Code section 124.401(5) (2015). He contends the trial court erred in denying his motion to suppress because there was no probable cause to support the stop of his car. Specifically, Brooks argues the officer lacked probable cause to believe that he changed lanes without first ascertaining "that such movement could be made with safety," in violation of section 321.306(1). The evidence supports the officer's observation of the traffic infraction. We therefore affirm.

**I. Background Facts and Proceedings.** On July 24, 2015, at around 2:00 a.m., Des Moines Police Officer Michael Dixson was traveling south on Keosauqua Way while on traffic patrol. The officer observed Brooks's car merge onto southbound Keosauqua Way from the University Avenue ramp. Without signaling as it changed lanes, and in one continuous motion, the car drifted from the entrance ramp across the right southbound lane and into the left southbound lane directly in front of Officer Dixson's marked squad car. The officer slowed to avoid rear-ending Brooks's car.

Officer Dixson activated his squad car's flashing lights, and Brooks eventually stopped. The event was video recorded by the officer's dash-cam recorder. As a result of the encounter, Brooks was arrested and charged by trial information with the aggravated misdemeanor of possession of a controlled substance, second offense, in violation of Iowa Code section 124.401(5), and the serious misdemeanor of operating while intoxicated (OWI), first offense, in

violation of section 321J.2. Brooks was also issued a traffic citation for improper lane change.

Arguing Officer Dixson had no probable cause to stop his car, Brooks moved to suppress all evidence, including subsequent searches, the statements he made, and all other evidence collected or observed after the initiation of the traffic stop. The State resisted, and after hearing the testimony of Officer Dixson and viewing the dash-cam video, the district court denied the motion. Brooks then waived his right to a jury trial and stipulated to a trial on the minutes of testimony on the charge of possession of a controlled substance. The court found Brooks guilty of possession of a controlled substance.[1] Brooks appeals, challenging the district court's denial of his motion to suppress.

## II. Scope and Standard of Review.

Because Brooks's challenge to the district court's denial of his motion to suppress implicates his constitutional rights, our review is de novo. *See State v. Pals*, 805 N.W.2d 767, 771 (Iowa 2011). We independently evaluate the totality of the circumstances as shown by the entire record. *See id.* While we give deference to the district court's fact findings given its opportunity to view the witnesses and evaluate their credibility, we are not bound by them. *See id.*

## III. Discussion.

Brooks argues the district court erred in denying his motion to suppress because the record does not support that Officer Dixson had probable cause to stop his vehicle.

---

[1] According to the court's sentencing order, the OWI charge was dismissed pursuant to "the plea agreement and upon the recommendation of the State." Disposition of the traffic citation is not an issue in this appeal.

A police officer has probable cause to stop a vehicle when he or she observes any violation of our traffic laws, no matter how minor. *See State v. Tague*, 676 N.W.2d 197, 201 (Iowa 2004); *State v. Mitchell*, 498 N.W.2d 691, 693 (Iowa 1993). The State must prove probable cause by a preponderance of the evidence. *See Tague*, 676 N.W.2d at 201.

Officer Dixson issued Brooks a traffic citation for violating section 114-306(b)(1) of the City of Des Moines Code of Ordinances, which provides that when a roadway has three or more lanes for traffic, "[a] vehicle shall be driven as nearly as practical entirely within a single lane and shall not be moved from that lane until such movement can be made with safety." Our supreme court has explained the intention of Iowa Code section 321.306, which is nearly identical to section 114-306 of the City of Des Moines Code of Ordinances, as follows:

> The dual purpose of the statute is to promote the integrity of the lane markings on the highway and to ensure the safe movement of vehicles on laned roadways. A violation does not occur unless the driver changes lanes before the driver ascertains that he or she could make such movement with safety.

*Id.* at 203.

After hearing the testimony of Officer Dixson, viewing the dash-cam video, and listening to counsels' arguments, the district court found:

> Officer Dixson observed [Brooks's car] come down the entrance ramp from University Avenue onto southbound Keosauqua Way. At the time Officer Dixson's automobile was in the left southbound lane. Mr. Brooks's vehicle came into the right southbound lane without signaling and nearly immediately moved to the left southbound lane, immediately in front of the police vehicle being operated by Officer Dixson.
> The uncontroverted testimony of Officer Dixson, which was shown clearly on [the dash-cam video], was that the vehicle operated by Mr. Brooks pulled over very close to the front of Officer Dixson's vehicle in moving from the right lane to the left lane.

> [T]he uncontroverted testimony, and further supported by the video . . . , is that Officer Dixson had to brake to avoid a possible collision with the vehicle operated by Mr. Brooks.

The district court's factual findings are substantiated by the dash-cam video.

> On appeal, Brooks argues,

> Motorists change lanes multiple times while they travel. Inevitably, persons traveling behind them are either travelling faster or slower than the motorist. Just because a motorist is travelling faster than them, and thus has to slow down slightly to avoid hitting the car in front of them, does not mean that the driver did not first safely ascertain whether he could change lanes. That should be reserved for when a vehicle pulls in front of a vehicle going much faster than it was, causing either an accident or for the vehicle travelling behind to have to brake hard.

Our law does not require a collision, hard braking, or slowing substantially to trigger an infraction of Iowa Code section 321.306 or Des Moines Municipal Code section 114-306(b)(1). It is undisputed that Officer Dixson had to take affirmative action in order to avoid colliding with Brooks's car. It is obvious from the video that in one continuous move, Brooks merged onto Keosauqua Way across one lane of traffic and into another, right in front of Officer Dixson, and did so without signaling his intentions. It appears Brooks was oblivious to the presence of the marked squad car. We agree with the district court's finding that "the evidence establishes by clear and convincing evidence that Brooks's vehicle was not operated within a single lane and that he, in fact, did move between lanes without ascertaining that he could move between lanes safely and also fail[ed] to signal the movement between lanes."

Having observed a traffic infraction, Officer Dixson had probable cause to

stop Brooks's car. *See id.* at 201. We find no error in the district court's denial of Brooks's motion to suppress. Accordingly, we affirm.

**AFFIRMED.**