# IN THE COURT OF APPEALS OF IOWA

No. 16-0642
Filed September 13, 2017

**DEANTHONY D. KIRKLAND,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Kellyann M. Lekar, Judge.

Deanthony Kirkland appeals the district court's denial of his applications for postconviction relief. **AFFIRMED.**

Angela L. Campbell of Dickey & Campbell Law Firm, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee State.

Considered by Mullins, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Deanthony Kirkland appeals the district court's denial of his two applications for postconviction relief. We find Kirkland's trial counsel was ineffective by failing to timely file an appeal but the underlying claim that the traffic stop was pretextual has no merit. Additionally, we find Kirkland's counsel was not ineffective for failing to: (1) file a motion to suppress, (2) object during opening statements, (3) object to the admissibility of a gun found in Kirkland's home, and (4) object to the same judge presiding at both the underlying criminal trial and the postconviction hearing. We affirm.

## I. Background Facts and Proceedings

On October 7, 2012, Kirkland, along with other individuals, robbed a group of people in a Waterloo apartment. The apartment residents identified Kirkland as a pizza delivery driver who had delivered pizza earlier in the night. Officers determined Kirkland's identity and waited outside Kirkland's residence. When Kirkland left, the officers noticed Kirkland's vehicle did not have a license plate or a functioning license plate lamp and the temporary paper tag was not clearly displayed. After Kirkland was stopped, officers discussed the equipment violations with him, and began to ask questions about the robbery. They informed Kirkland they were in the process of securing a search warrant for his home. Kirkland stated he had a non-operable handgun in his bedroom. Officers also searched the vehicle and found marijuana.

Kirkland filed a motion to suppress the gun discovered in his apartment and his statements about the gun. No motion to suppress was filed concerning the vehicle stop. The district court denied the motion. Kirkland proceeded to

trial, and was convicted of first degree robbery, in violation of Iowa Code section 711.2 (2011), first degree theft, in violation of Iowa Code section 714.2(1), and carrying weapons, in violation of Iowa Code section 724.4. On February 25, 2013, Kirkland was sentenced to a period of incarceration not to exceed twenty five years for the robbery, ten years for the theft, and two years for carrying weapons, to run concurrently. On April 23, Kirkland pled guilty to possession of marijuana with intent to distribute, in violation of Iowa Code section 124.401(d) and was sentenced to five years of incarceration to run concurrently with the robbery case.

Kirkland appealed his convictions for robbery, theft, and carrying weapons, which were affirmed on March 12, 2014. *See State v. Kirkland*, No. 13-0980, 2014 WL 970043, at *5 (Iowa Ct. App. Mar. 12, 2014). On August 27, Kirkland filed for postconviction relief (PCCV125656). The State filed a motion to dismiss claiming Kirkland was precluded from raising the issues he had already raised on direct appeal. Kirkland's counsel was directed to file an amended petition. Counsel failed to do so, and the district court dismissed portions of the postconviction action. A hearing on the merits was held, and his application was denied April 11, 2016.

On July 10, 2015, Kirkland filed a postconviction relief action on the possession of marijuana with intent to distribute case (PCCV127705). Kirkland's application was denied on December 7, 2015, as the petition was not verified and Kirkland had discharged his sentence related to the charge. Kirkland filed a notice of appeal for both postconviction actions on April 13, 2016.

## II. Standard of Review

"The standard of review on appeal from the denial of postconviction relief is for errors at law." *McLaughlin v. State*, 533 N.W.2d 546, 547 (Iowa 1995). However, "[w]hen there is an alleged denial of constitutional rights, . . . we make our own evaluation of the totality of the circumstances in a de novo review." *Id.* Claims of ineffective assistance of counsel are reviewed de novo. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). "To prevail on a claim of ineffective assistance of counsel, the [defendant] must demonstrate both ineffective assistance and prejudice." *Id.* at 142. "If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently." *Id.* Both elements must be proved by a preponderance of the evidence. *Jones v. State*, 479 N.W.2d 265, 272 (Iowa 1991).

Regarding ineffective assistance, an attorney is presumed competent, but the presumption is rebutted "by showing . . . counsel failed to perform an essential duty." *State v. Clay*, 824 N.W.2d 488, 495 (Iowa 2012). Counsel has breached an essential duty when an error is so serious counsel is not functioning as an advocate guaranteed by the Sixth Amendment. *Id.* "[W]e require more than a showing that trial strategy backfired or that another attorney would have prepared and tried the case somewhat differently." *Taylor v. State*, 352 N.W.2d 683, 685 (Iowa 1984).

## III. PCCV127705

The State claims Kirkland's appeal in this postconviction action is untimely. "A notice of appeal must be filed within 30 days after the filing of the final order or judgment." Iowa R. Civ. P. 6.101. Kirkland's appeal in

PCCV127705 was filed more than 120 days after the order. However, Kirkland claims trial counsel, who filed both appeals, was ineffective by failing to timely file the appeal. "[C]ounsel's failure to file an appeal is presumptively prejudicial because it denies a defendant an entire judicial proceeding and no presumption of reliability can be accorded to judicial proceedings that never took place." *Dockery v. State*, 881 N.W.2d 469 (Iowa Ct. App. 2016) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000)). We note "defendants have a right to effective counsel in postconviction proceedings" even though that right is not a constitutional right. *Collins v. State*, 588 N.W.2d 399, 401 (Iowa 1998). Failing to file a timely appeal is so serious a mistake that counsel is not functioning as an effective advocate. *Clay*, 824 N.W.2d at 495. We find that counsel was ineffective.

We next turn to the underlying merits of the claim. Kirkland's original petition for postconviction relief was dismissed by the district court for failure to certify as required by Iowa Code section 822.3 and mootness as his sentence relating to PCCV127705 was discharged.[1] Kirkland's sentence had been discharged. However, the conviction could have wider implications on Kirkland in the future. Kirkland's postconviction action could have resulted in a new trial, therefore, the issues raised are more than "academic" and are ripe for adjudication. *See Wilson v. Farrier*, 372 N.W.2d 499, 501 (Iowa 1985).

The issue raised in the postconviction action is the same raised in the appeal from PCCV125656. For the same reasons as set forth below, we deny Kirkland's appeal.

---

[1] We find the application was certified as required.

**IV. PCCV125656**

Kirkland claims trial counsel was ineffective in PCCV125656 for failing to make sufficient arguments to suppress the traffic stop, failing to object to statements made by the State in their opening statement, failing to challenge the admissibility of the gun found in Kirkland's residence, and failing to object to the same judge presiding at the postconviction action as presided at the criminal trial.

### a. Motion to Suppress

Kirkland first claims trial counsel was ineffective for failing to investigate and file a motion to suppress the traffic stop. Kirkland claims the stop was pretextual and that the officers subjectively intended to stop him on suspicion of the robbery although their articulated reason for the stop was equipment failure. He claims the traffic stop should have been suppressed and if the stop and its fruits—the search of his vehicle, the search of his home, and the subsequent questioning—had been suppressed, he would not have been convicted.

The Supreme Court has held pretextual stops are permissible under the Federal Constitution. *See Whren v. United States*, 517 U.S. 806, 812–16 (1996). However, we are bound by *State v. Kreps*, 650 N.W.2d 636, 640-41 (Iowa 2002), where our supreme court held traffic stops are tested objectively. "We are not at liberty to overturn Iowa Supreme Court precedent." *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990).

Kirkland also claims his vehicle was in working order, and that counsel was ineffective for failing to obtain a recording of the stop. Kirkland is unable to establish such a recording exists. One officer who stopped Kirkland reported his vehicle was not equipped with video recording equipment. The only evidence

presented regarding the traffic stop showed the police officers noticed the paper registration tag was not visible as well as Kirkland's license plate light was not working. "When a peace officer observes a traffic offense, however minor, the officer has probable cause to stop the driver of the vehicle." *State v. Mitchell*, 498 N.W.2d 691, 693 (Iowa 1993). We find trial counsel was not ineffective for failing to file a motion to suppress. *See State v. Ray*, 516 N.W.2d 863, 866 (Iowa 1994) (holding counsel may not be found ineffective based on failing to file a meritless motion).

### b. Opening Statement

During opening statements, the State told the jury Kirkland's codefendant, Jacquel Williams, would testify Kirkland got "the gun out, cock[ed] the gun and [another codefendant] knock[ed] on the door and push[ed] open the door." Kirkland specifically claims the assertion he cocked the gun improperly inflamed the passions of the jurors and by failing to object to the improper statement, trial counsel was ineffective. Kirkland notes no proof was offered during trial to support the statement, but trial counsel did not challenge the statement at any time.

To succeed on an ineffective assistance of counsel claim based on failure to object to prosecutorial misconduct, a defendant must establish both proof of the misconduct and that "the misconduct resulted in prejudice to such an extent that the defendant was denied a fair trial." *State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003). "A defendant's inability to prove either element is fatal." *Id.*

The State points to the minutes of evidence, in which a codefendant stated Kirkland did in fact cock the gun during the robbery, and claims the

prosecutor could reasonably expect the codefendant to testify in accordance with the opening statement. Kirkland makes no argument regarding the significance of whether the gun was cocked. Evidence showed Kirkland was in possession of a gun during the robbery and a gun matching a description given by a witness was found in Kirkland's home. We find stating the gun was cocked did not improperly inflame the passion of the jurors. Additionally, the district court instructed the jury opening statements do not constitute evidence. We find Kirkland has not shown misconduct or prejudice.

### c. Admissibility of the Gun

Kirkland next claims trial counsel was ineffective for failing to investigate the gun discovered at Kirkland's home and failing to object to its admissibility. He claims there is no evidence connecting the gun found in his home to the gun displayed in the robbery. Kirkland claims the gun was silver and that witnesses described the gun used in the robbery as black. He also claims the gun was inoperable and unloaded, meaning the gun would not have been cocked.

Witnesses did describe the gun used in the robbery as black, silver, and black and silver; however, testimony and photographic evidence show the gun discovered at Kirkland's home was black and silver. We find the weight of the evidence supports a connection between the gun used in the robbery and the gun discovered at Kirkland's home. Additionally, no evidence was presented at trial or at the postconviction hearing establishing if the gun could be cocked or whether it was operable. The gun's ability to be operated, or cocked, was not at issue in the trial. The State is not required to prove the gun was operable; merely that Kirkland possessed the gun at the time of the robbery. We find trial

counsel was not ineffective for failing to object to the admissibility of the gun as such an objection would have been meritless. *See State v. Bearse*, 748 N.W.2d 211, 215 (Iowa 2008).

### d. Presiding Judge

Kirkland finally claims trial counsel was ineffective for failing to object to the same judge presiding at both the original trial and the postconviction-relief hearing. At the beginning of the postconviction hearing, the district court asked trial counsel:

> COURT: Okay, and you waive any potential conflict this Court might have with here—having done the underlying criminal trial and hearing this case?
> COUNSEL: Yes, Your Honor. The Appellate Courts did not find that Your Honor did anything wrong in this case.

Kirkland claims he was not consulted prior to counsel waiving any potential conflict. In its ruling, the district court stated, "The undersigned, having been the presiding judge at both the underlying criminal case and this pending postconviction action, recalls no information any 'alleged victim of the robbery exonerated the defendant.'" Kirkland claims this statement indicates the district court was acting as both judge and witness in conflict with Iowa Rule of Evidence 5.605.

Kirkland claims trial counsel should have objected to the judge presiding at both stages. Motions for recusal are reviewed for an abuse of discretion. *State v. Haskins*, 573 N.W.2d 39, 44 (Iowa Ct. App. 1997). The test for recusal is "whether a reasonable person would question the judge's impartiality." *Id.* Kirkland makes no claim the district court erred, was biased, or partial. We find objecting and filing a motion for recusal would have been meritless as there was

no evidence of partiality. Counsel is not required to make meritless objections and so counsel was not ineffective. *Bearse*, 748 N.W.2d at 215. Because Kirkland raised these issues as ineffective assistance of counsel he must still show "both ineffective assistance and prejudice." *Ledezma* ,626 N.W.2d at 141. We also find there was no prejudice as no allegations of error, bias, or partiality were shown. We affirm the district court.

**AFFIRMED.**