# IN THE COURT OF APPEALS OF IOWA

No. 21-1032
Filed March 29, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ROBERTO LUIS ROSADO DAVILA,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Christopher Kemp (motion to suppress) and Becky Goettsch (trial and sentencing), District Associate Judges.

        Roberto Luis Rosado Davila appeals from his conviction and sentence for operating while under the influence and driving while license was revoked. **AFFIRMED.**

        Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.

        Considered by Tabor, P.J., Badding, J., and Vogel, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**VOGEL, Senior Judge.**

Roberto Luis Rosado Davila appeals from his conviction for operating while under the influence (OWI), first offense, and driving while his license was revoked. He contends the district court should have suppressed evidence from the traffic stop and suspended his fine for OWI. Because the investigating officer had reasonable suspicion to conduct the traffic stop and the court had no discretion to suspend his fine, we affirm.

## I. Background Facts and Proceedings

On November 29, 2020, Trooper Andrew Albright with the Iowa State Patrol saw a vehicle with Iowa license plates traveling in Polk County. Trooper Albright noticed the color of the vehicle's registration sticker indicated the registration expired sometime in 2020, so he used his patrol cruiser's computer to check the registration and the registered owner. The computer showed the registration was still valid; however, the computer also showed the vehicle's registered owner did not have a valid Iowa driver's license and had received citations for such in Mahaska County "a couple months prior."[1] Trooper Albright initiated a traffic stop and identified the driver as Rosado Davila. Based on his observations during the stop, Trooper Albright suspected Rosado Davila was intoxicated. Trooper Albright arrested Rosado Davila and transported him to the patrol office, where a breath test showed his alcohol concentration was .208.

---

[1] Rosado Davila's motion to suppress states: "The registered owner had been issued citations 99 days before [the stop at issue] on August 23, 2020 for no drivers license and no insurance." The district court mentioned this ninety-nine-day period in denying the motion to suppress. This date is not otherwise in the record, nor are the earlier citations themselves. Thus, we rely on the trooper's testimony that the citations occurred "a couple months prior" to the traffic stop.

Rosado Davila was charged with OWI, first offense, and driving while his license was revoked. He filed a motion to suppress evidence from the traffic stop, arguing Trooper Albright lacked reasonable suspicion. After a hearing in which Trooper Albright testified, the district court denied Rosado Davila's motion. Rosado Davila filed a motion to reconsider, which the court also denied. He stipulated to a trial on the minutes of testimony, and the court found him guilty as charged. For OWI, the court sentenced him to a term of incarceration not to exceed one year, with all but ten days suspended, and imposed a fine of $1250. He now appeals the denial of his motion to suppress and the imposition of a fine for OWI.

## II. Traffic Stop

Rosado Davila contends the traffic stop violated his constitutional protections from unreasonable search and seizure. U.S. Const. amend. IV; Iowa Const. art. I, § 8. We review constitutional issues de novo. *State v. Price-Williams*, 973 N.W.2d 553, 561 (Iowa 2022).

The federal and state constitutions guarantee an individual protection from unreasonable searches and seizures and generally require a government official to obtain a warrant before such actions. *State v. Kinkead*, 570 N.W.2d 97, 100 (1997). However, this right is not absolute, and there are exceptions to the protection. When a "police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot," the officer may conduct a warrantless search and seizure. *Terry v. Ohio*, 392 U.S. 1, 30–31 (1968).

To determine whether an investigatory stop of a vehicle by an officer is constitutionally permissible, we look to "whether the articulated facts warrant intrusion on an individual's [constitutional] right and whether the scope of the intrusion is reasonably related to the circumstances that justified the intrusion." *State v. Mitchell*, 498 N.W.2d 691, 693 (Iowa 1993). Reasonable suspicion of the officer is reviewed under "an objective standard: would the facts available to the officer at the moment of the seizure or the search 'warrant a man of reasonable caution in the belief' that the action taken was appropriate?" *Terry*, 392 U.S. at 21–22 (1968). "Mere suspicion, curiosity, or hunch of criminal activity is not enough." *State v. Tague*, 676 N.W.2d 197, 204 (Iowa 2004).

Trooper Albright stopped Rosado Davila after his computer showed the registered owner of the vehicle did not have a valid Iowa driver's license. The record contains no indication Trooper Albright knew this information was incorrect or the registered owner was not the current driver. Under similar facts, our supreme court found reasonable suspicion to justify a traffic stop. *See State v. Vance*, 790 N.W.2d 775 (Iowa 2010) ("We hold an officer has reasonable suspicion to initiate an investigatory stop of a vehicle to investigate whether the driver has a valid driver's license when the officer knows the registered owner of the vehicle has a suspended license, and the officer is unaware of any evidence or circumstances indicating the registered owner is not the driver of the vehicle.").

Nevertheless, Rosado Davila mantains Trooper Albright's information was too stale to justify a traffic stop. Specifically, he argues the earlier citations for driving without a valid license cannot form reasonable suspicion the registered owner still lacked a valid license "a couple months" later. *Accord State v. Randle*,

555 N.W.2d 666, 670 (Iowa 1996) ("Allegations of criminal conduct may be so distant in time as to provide no probable cause for a warrant.").

Our supreme court recently considered whether an officer's knowledge about a driver's license being barred was too stale to provide reasonable suspicion for a traffic stop. *State v. Sallis*, 981 N.W.2d 336, 338 (Iowa 2022). There, the officer last checked the defendant's license status two to six months before the stop and found his license barred. *Id.* at 339. The court rejected the defendant's staleness claim, finding the time period "falls within a time range that courts have generally found acceptable" for reasonable suspicion to exist. *Id.* at 345.

Trooper Albright testified he checked the vehicle on his patrol computer and "noticed that the registration was indeed valid but the registered owner did not have a valid Iowa driver's license and had received citations for that in Mahaska County a couple months prior." This period of "a couple months" between the registered owner being cited for driving without a license and Trooper Albright's traffic stop is well within the time the court found acceptable in *Sallis*. *See id.* Furthermore, Trooper Albright had access to more recent information than the citations, as his computer at the time showed "the registered owner did not have a valid driver's license." Therefore, considering the freshness of the registered owner's license status and all other facts available to Trooper Albright at the time of the stop, reasonable suspicion existed for the traffic stop.

## III. Imposition of a Fine

Rosado Davila also challenges the imposition of a $1250 fine for OWI. He argues the court abused its discretion by failing to even consider suspending the fine. "[T]he decision of the district court to impose a particular sentence within the

statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

A first offense OWI is punishable by a fine of $1250. Iowa Code § 321J.2(3)(c) (2020). Under certain circumstances, the district court may suspend part of the sentence for OWI. *Id.* § 907.3(3)(c). However, the court has no power to suspend an OWI fine "[i]f the defendant's alcohol concentration established by the results of an analysis of a specimen of the defendant's blood, breath, or urine withdrawn in accordance with chapter 321J exceeds .15."[2] *Id.* § 907.3(3)(c)(1).

A breath test showed Rosado Davila's alcohol concentration was .208, exceeding the .15 threshold for the district court's authority to waive the OWI fine. *See id.* He makes no argument the test violated chapter 321J. *See id.* Therefore, the court had no discretion to suspend the $1250 fine for OWI.

### IV. Conclusion

Trooper Albright had information that the registered owner of Rosado Davila's vehicle did not have a valid driver's license; thus, Trooper Albright had reasonable suspicion to conduct a traffic stop to investigate the driver's license status. Further, the district court did not have discretion to suspend the fine for OWI, first offense, due to his alcohol concentration shown in a breath test.

**AFFIRMED.**

---

[2] In his brief to us, Rosado Davila correctly notes the district court may also order community service as an alternative to some or all of the OWI fine. Iowa Code § 321J.2(3)(c)(2). However, he does not argue the court should have ordered community service in lieu of a fine.