**IN THE COURT OF APPEALS OF IOWA**

No. 23-0981
Filed June 5, 2024

**STATE OF IOWA,**
   Plaintiff-Appellee,

**vs.**

**LONNIE JAMES PRYOR,**
   Defendant-Appellant.
_____

Appeal from the Iowa District Court for Warren County, Kevin Parker, Judge.

A criminal defendant challenges a suppression ruling, his conviction, and the resulting sentence. **AFFIRMED.**

John C. Heinicke of Kragnes & Associates, P.C., Des Moines, for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Badding and Buller, JJ.

**BULLER, Judge.**

Lonnie James Pryor appeals his conviction and sentence for driving while barred. After considering his suppression, sufficiency, and sentencing challenges, we affirm.

A bit before midnight, a Warren County deputy sheriff was responding to an unrelated call for service when he spotted a car without license plates or running lights being towed by a truck with a strap. About twenty seconds later, the deputy turned around and pulled up behind the truck, which was now parked and partially blocking a roadway.

When the deputy approached, he confirmed the car did not have running lights, rear lamps, or license plates. Pryor was standing next to the towed car and a woman was seated inside. Pryor told the officer he was trying to help the woman get the car to a residence.

As the deputy spoke with Pryor and the woman, they informed him none of the lights were working on the towed car because the battery died. The deputy ran Pryor and the woman's licenses, and the results indicated he was barred and she was suspended. A certified abstract of driving record confirmed Pryor had been barred from driving since 2018 and showed six prior convictions for driving while barred, plus five for driving while suspended or without a license, starting in 2003.

Pryor told the deputy he knew he was barred and knew he shouldn't be driving. He also responded in the affirmative when the deputy asked him, "So you were towing [the woman's] car from Indianola?" The woman in the car also said she understood Pryor shouldn't be driving but was anyway. Pryor never denied

that he had been driving the truck. And he gave the deputy directions for where to find documents inside the truck and permission to retrieve them. Before transporting Pryor to the county jail, the responding deputy allowed Pryor to call and arrange bond and then he and another deputy helped push the woman's car to a safer location.

At a combined bench trial and suppression hearing, Pryor testified in his own defense. He admitted he was barred from driving but denied doing so that night, claiming he was in the car and the woman was driving the truck. Pryor conceded he intended to drive the truck that night but claimed he "never got behind the wheel." And he admitted on cross-examination that, despite telling the deputy it had been "a long time since [he had] been in trouble," he was actually arrested for driving while barred less than two weeks before this traffic stop.

The district court denied the motion to suppress, finding the lack of illuminated rear lamps on the towed car supported reasonable suspicion for a traffic stop under Iowa Code section 321.387 (2022). And the court found Pryor guilty of driving while barred, an aggravated misdemeanor in violation of section 321.561.

At sentencing, the State recommended prison and Pryor requested thirty days in jail. The district court sentenced Pryor to prison, citing the need to rehabilitate Pryor and protect the public. Pryor appeals, challenging denial of the motion to suppress, sufficiency of the evidence, and the court's exercise of discretion at sentencing.

**Motion to Suppress.** Pryor argues that, at some point after the deputy approached the vehicle and before he was arrested, he was "seized" in violation

of the Fourth Amendment to the United States Constitution or article I, section 8 of the Iowa Constitution. We review this challenge de novo. *State v. Fogg*, 936 N.W.2d 664, 667 (Iowa 2019). And we agree with the district court that the deputy had reasonable suspicion (and probable cause) to detain Pryor for investigation when the deputy observed the rear lamps of the towed car were not lit. *See* Iowa Code § 321.387 ("Every motor vehicle and every vehicle which is being drawn at the end of a train of vehicles shall be equipped with a lighted rear lamp or lamps . . ."); *State v. Mitchell*, 498 N.W.2d 691, 693 (Iowa 1993) ("When a peace officer observes a traffic offense, however minor, the officer has probable cause to stop the driver of the vehicle."). We affirm denial of the motion to suppress.

**Sufficiency.** Pryor next claims the bench verdict was not supported by sufficient evidence. We review sufficiency-of-the-evidence claims for correction of errors at law. *State v. Jones*, 967 N.W.2d 336, 339 (Iowa 2021). "In determining whether the [fact finder's] verdict is supported by substantial evidence, we view the evidence in the light most favorable to the State, including all 'legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence.'" *Id.* (quoting *State v. Tipton*, 897 N.W.2d 653, 692 (Iowa 2017)). The deputy's testimony, the body-camera footage, Pryor's statements at the scene, and the certified abstract of driving record provide sufficient evidence to prove Pryor's driving privileges were barred and he drove—satisfying the elements of the offense. *See* Iowa Code § 321.560. And to the extent Pryor urges he could not be convicted of driving while barred unless caught in the act, our case law on circumstantial evidence forecloses his argument. *See State v. Boleyn*, 547

N.W2d 202, 205–06 (Iowa 1996) (rejecting a similar challenge in the context of an operating-while-intoxicated prosecution).

**Sentencing.** Pryor challenges his sentence, urging the district court abused its discretion. "[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "[O]ur task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 725. Pryor asserts general disagreement with the sentence imposed but does not point to any illegality or improper considerations. We conclude the district court did not abuse its discretion when sentencing this repeat offender to prison.

**AFFIRMED.**